UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTIAN CIVIC LEAGUE OF | ) | |
| MAINE, INC., | ) | |
| | ) | Case No. 1:06CV00614 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION | ) | |
| | ) | |
| Defendant. | ) | |

**FEDERAL ELECTION COMMISSION'S AGREED-TO
EMERGENCY MOTION FOR EXPEDITED DISCOVERY
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Christian Civic League of Maine, Inc. ("CCL") filed a complaint and preliminary

injunction motion on April 3, 2006 seeking to enjoin the Federal Election Commission

("Commission") from enforcing a provision of the Federal Election Campaign Act ("FECA" or

"Act"), 2 U.S.C. 431-55.  In spite of the Act's restrictions on the use of corporate treasury money

for campaign-related expenditures, CCL seeks judicial approval to use such funds to finance

radio advertisements that Congress has determined are "electioneering communications."  2

U.S.C. 434(f)(3), 441b.  The Commission has consented to a rapid briefing schedule as plaintiff

requested, agreeing to file its opposition by April 17, 2006.  Many of the allegations in CCL's

complaint and preliminary injunction motion contain little or no detail, and the Commission has

had no opportunity to test them through discovery.  To meet the schedule that plaintiff seeks, the

Commission has proposed to conduct a limited amount of expedited discovery in advance of

filing its opposition to plaintiff's motion for preliminary injunction and has provided plaintiff

with copies of the proposed discovery.  Deeley Decl. ¶ 4 & Exhs. 1-3.  Although CCL objects to

portions of the discovery that the Commission seeks, it has agreed to comply with the discovery

requests subject to the preservation of its objections and subject to the ability of its client to

comply in a timely manner.  Deeley Decl. ¶¶ 4-5 & Exhs. 1-3.[1]

The Federal Rules of Civil Procedure generally prohibit a party from seeking discovery

before the parties have conferred under Rule 26(f), but specifically provide that parties may

obtain expedited discovery "when authorized . . . by [court] order."  Fed. R. Civ. P. 26(d).

Courts ordinarily grant such discovery when preliminary injunctions are pending.  See, e.g.,

Ellsworth Assocs. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996); Lincoln Hockey LLC

v. Semin, 2005 WL 3294008, *2 (D.D.C. 2005).  Although plaintiff has agreed to comply with

the discovery requests subject to the reservations mentioned above, the Court must nevertheless

authorize the discovery.  A proposed order is attached, requiring that CCL respond to the

Commission interrogatories and document requests by 9:00 a.m. on Wednesday, April 12, 2006

and appear for a deposition under Rule 30(b)(6) on Thursday, April 13, 2006.  The parties have

agreed to move the deposition time from 9:00 a.m. until 10:00 a.m. on April 13.

In cases involving a three-judge district court, "[a] single judge may conduct all

proceedings except the trial" and, with a few specific exceptions not relevant here, "enter all

---

[1]     Absent a protective order, CCL declined to identify the identities of its corporate donors.

Should CCL require a short extension of time to respond to the discovery, the Commission will seek a short extension of time in which to file its opposition to CCL's preliminary injunction motion.

orders permitted by the rules of civil procedure." 28 U.S.C. 2284(b)(3).  Judge Oberdorfer may

therefore approve the proposed order.

<div align="center" style="margin-left:50%">

Respectfully submitted,


_____/s/_____
Lawrence H. Norton
General Counsel

Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

David Kolker
Assistant General Counsel
(D.C. Bar # 394558)

Harry J. Summers
Kevin Deeley
Steve N. Hajjar

999 E Street, N.W.
Washington, D.C.  20463
(202) 694-1650

April 6, 2006

</div>

3