UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN CIVIC LEAGUE OF MAINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 1:06CV00614 |

**DEFENDANT FEDERAL ELECTION COMMISSION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CHRISTIAN CIVIC LEAGUE, INC.**

To:   Christian Civic League of Maine, Inc.

   c/o James Bopp, Jr., Esq.
   Bopp, Coleson & Bostrom
   1 South Sixth Street
   Terre Haute, IN  47807
   Fax:  (812) 232-2434

   M. Miller Baker, Esq.
   McDermott Will &Emery LLP
   600 Thirteenth Street, NW
   Washington, DC 20005-3096
   Fax: (202) 756-8087

Pursuant to Rule 33 of the Federal Rules of Civil Procedure defendant Federal Election Commission ("Commission") propounds the following interrogatories to plaintiff Christian Civic League of Maine, Inc.  The Commission requests that the Christian Civic League of Maine, Inc. respond to the interrogatories below by serving a copy of their answers on counsel for the Commission.  Pursuant to the Emergency Motion for Expedited Discovery concurrently served

Deeley Decl. Exh. 2

herewith, the Commission requests that such service occur in time for the Commission to have received the answers by 9:00 a.m. on April 12, 2006.

Any business records produced pursuant to Federal Rule of Civil Procedure 33(d) shall be produced in their entirety for inspection and copying at the Office of the United States Attorney, 100 Middle Street, Portland, ME 04101 on April 12, 2006 at 9:00 a.m. at the offices of the Commission on or before the same date.  In lieu of production of the originals, clear and legible copies or duplicates of the documents sought may be produced at the Office of the United States Attorney, 100 Middle Street, Portland, ME 04101 on April 12, 2006 at 9:00 a.m.  Copies or duplicates of the documents may also be delivered to counsel for the Commission at 999 E St. NW, Washington, DC 20463 on or before the above deadline provided that counsel for the Commission is notified by April 11, 2006 at 9:00 a.m. that production will occur in that manner.

## **INSTRUCTIONS**

In answering these interrogatories, furnish all information specified below, however obtained, including hearsay, that are in your possession, custody, or control, or otherwise available to you, including information appearing in your records.  Each answer is to be given separately and independently, and unless specifically stated in the particular interrogatory (or as provided in Federal Rule of Civil Procedure 33(d)), no answer shall be given solely by reference either to another answer or to an exhibit attached to your response.

If you cannot answer any interrogatory in full after exercising due diligence to secure the information required to do so, please respond to the extent possible and indicate your inability to respond to the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

When an approximation or estimate is stated, designate the approximation or estimate as such and identify and describe each method by which, and each source of information upon which, the approximation or estimate was made.

Should you claim a privilege or have another objection with respect to any document, communication, or item about which information is sought, describe such item in detail sufficient to provide justification for the claim or other objection. Each claim of privilege must specify in detail all grounds upon which it rests, pursuant to Fed. R. Civ. P. 26(b)(5). No part of an interrogatory shall be left unanswered simply because an objection is interposed to another part of the interrogatory.

The following discovery requests are continuing in nature so as to require you to file supplementary responses or amendments during the course of this litigation if you obtain further or different information prior to or during the trial of this action. Include in any supplemental answers the date upon which such further or different information came to your attention.

## DEFINITIONS

For the purposes of these interrogatories, including the instructions hereto, the terms listed below are defined as follows:

1. "Christian Civic League, Inc." ("CCL") shall mean the Christian Civic League, Inc., including all officers; employees, whether paid or unpaid; supervisors; volunteers; agents, consultants, or persons otherwise working on behalf of or at the request of the Christian Civic League, Inc.; co-workers; subordinates; and staff or in-house attorneys thereof.

2. "Communication" shall mean any transmittal of information, in written, oral, electronic, digital or any other form.

3. "Control" with respect to a document is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and 45.

4. "Person" shall mean any natural person, partnership, committee, association, corporation, or any other type of organization or entity as defined in 2 U.S.C. § 431(11).

5. "Relate to" shall mean constitute, relate to, or refer to.

6. "You," "your" and "their" shall mean the named person or entity to whom these requests are directed, including all predecessors, successors, employees, agents and attorneys thereof, as well as any other person controlled by you, including all entities of which you are an officer, director, partner or otherwise control or have the ability to control.

7. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside their scope.

8. Except where the subpoena states otherwise, any reference to the singular shall be construed as including the plural, any reference to the plural shall be construed as including the singular, and any reference to one gender shall be construed to include the other.

## INTERROGATORIES

1. List each grassroots lobbying campaign by CCL since January 1, 2004 and the communication methods employed for each campaign, such as radio advertising, television advertising, print advertisements, phone banks, direct mail, mass email, public demonstrations, or any other method of grassroots lobbying.

2. Identify and explain each reason why CCL considers other means of communication less effective than radio advertising in advocating for the passage of the federal Marriage Protection Amendment Act.

4

3.  Identify and explain each reason why other means of communication that CCL has previously employed for grassroots lobbying are expected to be less effective than radio advertising if utilized in CCL's campaign for the federal Marriage Protection Amendment Act.

4.  Identify each reason why CCL is not a "qualified nonprofit corporation" within the meaning of 11 C.F.R. § 114.10.

5.  Explain what steps, if any, CCL has taken to determine whether it would be harmed if it could not name Senator Snowe in its planned advertisements.

6.  For each donation of anything of value that CCL has received from a business corporation or labor organization since January 1, 2004, list the date, amount, and name and address of the source of the donation.

7.  For each time an individual has donated in excess of $1000 to CCL over the course of a calendar year in 2004, 2005, or to date in 2006, list the amount the individual donated in that calendar year.

8.  List the amount and the name and address of the source of each contribution from a corporation that has been pledged to pay for CCL's campaign for the passage of the federal Marriage Protection Amendment Act.

9.  For each individual who has pledged to contribute in excess of $1000 to CCL to pay for CCL's campaign for the passage of the federal Marriage Protection Amendment Act, list the amount that each individual has pledged.

10. List the amount and percentage of CCL's receipts that came from business corporations or labor organizations in 2004, 2005, and to date in 2006.

11. List each federal candidate that CCL has endorsed since January 1, 2004.

12. State whether CCL has ever opposed Senator Olympia Snowe or endorsed an opponent of hers in an election for federal office. If CCL has opposed Senator Snowe or endorsed an opponent of hers, identify each election campaign that CCL opposed Senator Snowe and each election campaign in which CCL endorsed Senator Snowe's opponent.

13. Separately list the amount that CCL disbursed in 2004 and 2005 in order to advocate for against a) candidates for state or local office; and b) candidates for federal office.

    Lawrence H. Norton
    Richard B. Bader
    David Kolker
    Harry Summers
    Kevin Deeley
    Steve N. Hajjar
    Federal Election Commission
    999 E Street, N.W.
    Washington, D.C. 20463
    (202) 694-1650
    Facsimile (202) 219-0260