UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WISCONSIN RIGHT TO LIFE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:04cv01260 (DBS, RWR, RJL) |
| | ) | (Three-Judge Court) |
| v. | ) | |
| | ) | LCvR 16.3(d) Joint Report |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT REPORT OF THE PARTIES PURSUANT TO LCvR 16.3(d)**

Pursuant to the Court's February 28, 2006 Order, the parties jointly file their report pursuant to LCvR16.3 and Fed. R. Civ. P. 26(f). This Joint Report identifies those portions of LCvR 16.3(c) over which the parties were able to reach an agreement, and states the separate positions of the parties where agreement could not be reached. Finally, the parties are each filing an additional pleading providing further argument in support of their respective proposals contained in this Joint Report as permitted by the February 28th Order.

Defendant Federal Election Commission ("FEC") and Plaintiff Wisconsin Right to Life, Inc. ("WRTL") conferred on March 22, 2006. Attending for WRTL were James Bopp, Jr. and Richard E. Coleson. David Kolker, Colleen Sealander, Harry Summers, Benjamin A. Streeter III, and Steve N. Hajjar represented the FEC. Subsequently, on March 23, 2006, the Court granted the intervention motion of Sen. McCain et al., and counsel for intervenors was invited to participate in the ongoing exchange of text to add to the joint report. Accordingly, with respect to the matters outlined in LCvR16.3, the parties report as follows:

**LCvR 16.3(c):**

(1) The parties agree that the case cannot be disposed of by any dispositive Rule 12 motion.

(2) The parties do not anticipate the joinder of any additional parties or the need to amend any pleadings. Moreover, at this time the parties are unable to narrow or agree upon the factual or legal issues in this case. Plaintiff WRTL discusses in its memorandum in support of its position in the Joint Report its offers to stipulate to key facts employed by the FEC and Intervenors in prior briefing and its proposal to limit the scope of discovery. The FEC and Intervenors only recently received WRTL's offer and are still reviewing it.

(3) The parties agree that this case should not be assigned to a magistrate judge for the purpose of trial or for any other purpose.

(4) The parties are unable to settle this case at this time. Plaintiff WRTL has made a proposal to stay and settle this matter, the details of which are set forth in WRTL's memorandum in support of its position in the Joint Report. As noted above, the FEC and Intervenors only recently received WRTL's offer and are still reviewing it.

(5) The parties agree that this case would not benefit from any form of the Court's alternative dispute resolution procedures.

(6) The parties agree that the case might be fully resolved by cross-motions for summary judgment. WRTL takes the position that, if a party concludes at the time of filing a motion for summary judgment that contested material issues of fact remain, then the party need not file a motion for summary judgment and may resist summary judgment

2

on that ground for the Court's decision. If summary judgment is denied by the Court on grounds of contested material issues of fact, then the Court shall set a status conference to determine the future course of the case. The Intervenors believe that, in the event it is apparent at the close of discovery that the parties dispute material facts, such an approach may invite unnecessary delay and may prove inefficient. Under such circumstances, the Intervenors would propose that the parties meet and confer regarding an alternative mechanism (e.g., a motion for judgment, as was filed in the *McConnell* case) for adjudicating the case, and would, after doing so, seek appropriate guidance from the Court.

The FEC and Intervenors propose the following briefing schedule and page limits:

- a) July 17, 2006: WRTL's Opening Summary Judgment Brief due (45-page limit);
- b) August 14, 2006: FEC's Opening Summary Judgment/Opposition Brief due (45-page limit) and Intervenor's Opening Summary Judgment/Opposition Brief due (45-page limit);
- c) August 28, 2006: WRTL's Summary Judgment Opposition/Reply Brief due (25-page limit);
- d) September 11, 2006: FEC's Summary Judgment Reply Brief due (25-page limit) and Intervenor's Summary Judgment Reply Brief due (25-page limit).

Plaintiff WRTL proposes the following briefing schedule:

- a) WRTL's primary position is that the Court should reinstate the existing, fully-briefed cross-motions for summary judgment and permit a single supplemental brief due within two weeks of the Court's order resulting from the present Joint Report and Status Conference on April 10.
- b) In the alternative, WRTL proposes the following discovery and briefing schedule, which would permit this Court time to decide this case before

3

the beginning of the electioneering communication blackout period in Wisconsin, which is August 13:

    a. April 17: WRTL provides specified discovery and Defendants may take depositions after this discovery production until the close of discovery regarding the specified discovery

    b. April 25: parties file statement of stipulated facts

    c. April 28: end of discovery

    d. May 1: Cross-Motions for Summary Judgment and Briefs due

    e. June 1: Opposition Briefs due

    f. June 15: Reply Briefs due

    g. End of June: hearing on summary judgment

    h. Before Aug. 13: Decision needed

(7) The parties agree to dispense with all initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) The parties were unable to agree upon a common discovery plan, so each party proposes its own schedule.

For WRTL:

    a) April 17: WRTL provides specified discovery and Defendants may take depositions after this discovery

production until the close of discovery regarding the specified discovery

b) April 17 to April 28: depositions if needed

c) April 25: parties file stipulated statement of facts

d) April 28: end of discovery

For the FEC and Intervenors:

a) All applicable provisions of the Federal Rules of Civil Procedure apply unless specifically modified by Order of the Court;

b) The parties may begin taking discovery on April 11, 2006;

c) All responses to written discovery requests shall be due fifteen days from service, rather than the thirty days usually permitted by Fed. R. Civ. P. 33(b), 34(b), and 36(a). Any and all discovery-related service, including service of correspondence relating to discovery disputes and motions, shall be conducted via electronic means, by hand, or by overnight delivery at the latest;

d) The provision of LCvR 30.1 which declares that five days service of a notice of deposition shall constitute "reasonable notice" to a party under Fed. R. Civ. P. 30(b)(1) shall apply to all depositions taken in this case irrespective of the fifty-mile territorial limit stated in the local rule;

e) The following discovery deadlines shall apply and will be sufficient to complete discovery if the parties cooperate fully in discovery and the Court adopts the 15-day rule in paragraph (c) above. If substantial discovery disputes should arise, the Commission and Intervenors reserve the right to seek an extension of the following proposed deadlines for discovery:

5

      i)      May 19, 2006: Last day to identify expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A);

      ii)      June 12, 2006: Last day to propound written discovery requests;

      iii)      June 30, 2006: Last day to produce expert witness reports pursuant to Fed. R. Civ. P. 26(a)(2)(B);

      iv)      July 10, 2006: Last day to take depositions (expert and non-expert).

(9)    The parties agree that the requirement for exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, but they are unable to agree on the desired modifications. See proposals in (8) above.

(10)    Not applicable, since this case is not a class action.

(11)    The parties do not believe that the trial or discovery should be bifurcated.

(12 - 13)    Because the parties believe that this case might be resolved on cross-motions for summary judgment (or, in the view of Intervenors, possibly some alternative mechanism such as cross motions for judgment) as described in paragraph 6 above, there is no need at this time to schedule dates for either pre-trial conference reports or a trial.

(14) Not applicable.

Respectfully submitted,

FOR THE PLAINTIFF:

James Bopp, Jr.
Richard E. Coleson
Jeffrey P. Gallant
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/234-3685 facsimile
*Lead Counsel for Plaintiff*

_____/s/_____
M. Miller Baker, D.C. Bar #444736
Michael S. Nadel, D.C. Bar #470144
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
202/756-8000 telephone
202/756-8087 facsimile
*Local Counsel for Plaintiff*

FOR THE DEFENDANT:

_____/s/_____
Lawrence H. Norton
General Counsel

_____/s/_____
Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

_____/s/_____
David Kolker
Assistant General Counsel
(D.C. Bar # 394558)

_____/s/_____
Colleen T. Sealander
Assistant General Counsel

_____/s/_____
Harry Summers
Attorney

_____/s/_____
Steve N. Hajjar
Attorney
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650

FOR THE INTERVENOR-DEFENDANTS:

| | /s/ |
|---|---|
| Roger M. Witten (D.C. Bar No. 163261) | Seth P. Waxman (D.C. Bar No. 257337) |
| WILMER CUTLER PICKERING | *Counsel of Record* |
|   HALE AND DORR LLP | Randolph D. Moss (D.C. Bar No. 417749) |
| 399 Park Avenue | WILMER CUTLER PICKERING |
| New York, NY 10022 |   HALE AND DORR LLP |
| (212) 230-8800 | 2445 M Street, N.W. |
| | Washington, DC 20037 |
| | (202) 663-6000 |
| | |
| Donald J. Simon (D.C. Bar No. 256388) | Fred Wertheimer (D.C. Bar No. 154211) |
| SONOSKY, CHAMBERS, SACHSE, | DEMOCRACY 21 |
|   ENDRESON & PERRY, LLC | 1875 I Street, N.W. |
| 1425 K Street, N.W. | Suite 500 |
| Suite 600 | Washington, DC 20006 |
| Washington, DC 20005 | (202) 429-2008 |
| (202) 682-0240 | |

J. Gerald Hebert (D.C. Bar No. 447676)
CAMPAIGN LEGAL CENTER
1640 Rhode Island Avenue, N.W.
Suite 650
Washington, DC 20036
(202) 736-2200

March 27, 2006