UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THE CHRISTIAN CIVIC LEAGUE          )
OF MAINE, INC.                      )
            Plaintiff,              )
                                    ) Civil Action No. 06-0614 (LFO)
    v.                              ) (Three-Judge Court Requested)
                                    )
FEDERAL ELECTION COMMISSION,        )
                                    )
            Defendant.              )
                                    )
_____ )

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SENATOR JOHN MCCAIN, SENATOR RUSS FEINGOLD, REPRESENTATIVE CHRISTOPHER SHAYS, REPRESENTATIVE MARTIN MEEHAN AND REPRESENTATIVE TOM ALLEN TO INTERVENE AS DEFENDANTS**
_____

**Introduction**

This memorandum supports the motion of Senator John McCain, Senator Russ Feingold, Representative Christopher Shays, Representative Martin Meehan, and Representative Tom Allen to intervene in this action as of right, pursuant to Section 403(b) of the Bipartisan Campaign Reform Act of 2002 ("BCRA" or "Act") and Federal Rule of Civil Procedure 24(a)(1). Three of the five Movants herein (Senator McCain, and Representatives Shays and Meehan) were recently granted leave to intervene in *Wisconsin Right to Life v. FEC*, No. 04-1260 (Minute Order entered March 23, 2006), a case pending in this Court that raises nearly identical issues to those present here. Moreover, Movants Senator McCain, Senator Feingold, Representative Shays, and Representative Meehan have all previously participated in this Court

as intervenors defending the constitutionality of certain provisions of BCRA.  See *McConnell v. FEC*, 251 F. Supp. 2d 176 (D.D.C. 2003)(three-judge court) *aff'd in part and rev'd in part* 540 U.S. 93 (2003); *see* Order of May 3, 2002, 2004 U.S. Dist. LEXIS 22496 (D.D.C. May 3, 2002) (granting intervention).  Representative Allen is currently a candidate for federal office in Maine, where plaintiff Christian Civil league of Maine, Inc. ("CCL") is based.  Affidavits in support of this motion accompany this filing, as does a proposed Answer to Plaintiff's Verified Complaint for Declaratory and Injunctive Relief.

    1.    Rule 24(a)(1) of the Federal Rules of Civil Procedure provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene[.]"  Section 403(b) of BCRA grants these Movants just such a right with respect to this suit:

> INTERVENTION BY MEMBERS OF CONGRESS.---In any action in which the constitutionality of any provision of this Act or any amendment made by this Act is raised (including but not limited to an action described in subsection (a) [*i.e.*, "any action," such as this one, "brought for declaratory or injunctive relief to challenge the constitutionality of any provision of this Act or any amendment made by this Act"]), any member of the House of Representatives . . . or Senate shall have the right to intervene either in support of or opposition to the position of a party to the case regarding the constitutionality of the provision or amendment.

This is an "action . . . brought for declaratory or injunctive relief to challenge the constitutionality of" Section 203 of BCRA.  Movants seek "to intervene . . . in . . . opposition to the position of" plaintiff.  Accordingly, Movants have a statutory right to intervene in this action as of right[1], as the three-judge court concluded when it granted intervention to Senator McCain

---

[1]     *See generally* 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.02 (3d ed. 1997); 7C Charles Wright et al., *Federal Practice and Procedure* § 1906 (1986 & Supp. 2001).

and Representatives Shays, Meehan, and Tammy Baldwin to intervene in *Wisconsin Right to Life v. FEC*, No. 04-1260 (Minute Order entered March 23, 2006).

2. Movants' intervention motion is timely in the circumstances here. The complaint in this case was filed on April 3, 2006, just 14 days ago. Movants have not delayed in filing this motion to intervene. Moreover, Movants have conferred with defendants in order to ensure that Movants are aware of ongoing proceedings between the original parties, including the agreed-to motion to expedite discovery and briefing schedule on the plaintiff's pending motion for preliminary injunction.

3. No party will be prejudiced by Movants' intervention. Discovery is only just beginning, and Movants do not intend to seek any delay of the planned discovery or any other deadlines set by the Court or established by the parties.[2] Moreover, no hearings or status conferences have yet to occur in this case.

4. Pursuant to LCvR 7(m), Movants have conferred with counsel for the plaintiff and defendant with respect to this motion. Plaintiff opposes this motion, while the defendant FEC consents to the motion.

5. There is an open question whether an intervening defendant who has a statutory right to intervene must demonstrate Article III standing, and Movants may well not need to establish Article III standing here. *See Diamond v. Charles*, 476 U.S. 54, 62-64 (1986) (suggesting that an intervening defendant need not demonstrate the existence of an independent Article III case or controversy between the plaintiffs and the moving intervenors if such a case or

---

[2] To that end, Movants have also filed today an opposition to plaintiff's motion for a preliminary injunction, which is being timely submitted by the applicants for intervention. That response also addresses the plaintiff's pending motion to consolidate a hearing on the motion for a preliminary injunction with a trial on the merits, which Movants oppose.

controversy exists between the plaintiffs and the named defendant, but reserving the question); *Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998) (concluding that Article III does not require intervenors to possess standing); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994) (same); *Yniguez v. State of Arizona*, 939 F.2d 727, 731 (9th Cir. 1991) (same); *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 n.16 (11th Cir. 1989); *United States Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978) (same). The Court of Appeals for the D.C. Circuit has concluded that an intervening defendant must establish standing in certain contexts. *See, e.g.*, *Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 539-40 (D.C. Cir. 1999) (concluding that Article III standing is a prerequisite to intervention under 28 U.S.C. § 2348). But a three-judge court more recently explained that the court of appeals had not addressed whether demonstration of Article III standing is required where a statute provides for intervention as of right, as is the case here. *McConnell v. FEC*, 2004 U.S. Dist. LEXIS 22496, at *9 (D.D.C. May 3, 2002). In contrast to the statute at issue in *Rio Grande Pipeline*, Congress left no ambiguity in its intent to allow certain parties, including these Movants, an unconditional right to intervention in this case. Moreover, to the extent a live case or controversy already exists in this case, Article III dictates are satisfied.

6.  In any event, some or all of the Movants have Article III standing under the standards set forth by the three-judge court in *McConnell v. FEC*, *supra*, and by the Court of Appeals for the D.C. Circuit in *Shays v. FEC*, 414 F.3d 76, 84-95 (D.C. Cir. 2005). "As opposed to members of the general public, the movants have a concrete, direct, and personal stake—as candidates and potential candidates—in the outcome of a constitutional challenge to a law regulating the processes by which they may attain office." *McConnell*, 2004 U.S. Dist. LEXIS 22496, at *9. In *Shays v. FEC*, moreover, the court of appeals concluded that as plaintiffs in that

case, Movants Shays and Meehan had demonstrated standing because an adverse ruling would "depriv[e] the Congressmen of their right to reelection contests conducted in accordance with [BCRA]." 414 F.3d at 92; *see also Shays v. FEC*, 337 F. Supp. 2d 28, 45 (D.D.C. 2004) (explaining that plaintiffs Shays and Meehan had standing because "the rights they seek to vindicate—in essence, to campaign in a regime that reflects Congress' mandate as articulated in the BCRA—are legally cognizable").[3]

7.   Representative Tom Allen, a Member of the House of Representatives from Maine, is a direct participant in the electoral process in Maine. Plaintiff is a Maine-based organization that has alleged that it intends to run broadcast advertisements that refer to "clearly identified candidates for federal office" and that "fall[] …within the electioneering communication prohibition periods before future primary and general elections in Maine[.]" Plaintiff's Verified Complaint for Declaratory and Injunctive Relief at ¶ 16. As an officeholder and candidate for office in Maine, Representative Allen thus faces a significant risk that corporate money will be used to pay for advertisements in an attempt to influence federal elections in which he is a candidate, including the upcoming election in November 2006.

---

[3]   *See also Buchanan v. FEC*, 112 F. Supp. 2d 58, 65 (D.D.C. 2000) ("Precluding candidates from challenging [election] rules under the FECA would leave few others to do so . . . . It is relatively self-evident that the people who have the most to gain and lose from the criteria governing [the electoral process] are the candidates themselves."); *see also Vote Choice, Inc. v. DiStefano*, 4 F.3d 26, 37 (1st Cir. 1993) ("[S]uch an impact on the strategy and conduct of an office-seeker's political campaign constitutes an injury of a kind sufficient to confer standing."); *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1480 (11th Cir. 1993) (intervenors had an interest in "maintaining the election system that governed their exercise of political power, a democratically established system that the district court's order had altered"). Moreover, except to the extent that CCL has conclusively disavowed any challenge to the reporting requirements for electioneering communications, *see* Verified Complaint for Declaratory and Injunctive Relief at ¶ 34, Movants also have informational standing, because whether a communication is covered by Title II-A determines whether it is subject to the comprehensive disclosure provisions of 2 U.S.C. § 434(f) governing electioneering communications. *See Akins v. FEC*, 524 U.S. 11, 20-23 (1998).

Indeed, plaintiff CCL's complaint also states that it intends to run these ads "and materially similar ads in the future" (Plaintiff's Complaint at ¶15), including during the period 60 days before the general election in November 2006. In addition, plaintiff also alleges that it intends to run other ads in the future that reference federal candidates by name, and has made clear that it may run ads directed at candidates' stands on a broad range of issues, from "abortion" to "regulation of sexual predators" to "gambling" to "the freedom to advance [CCL's] issues in the public forum[.]" *Id.* Representative Allen wants to run in elections, participate in a political system, and serve in a government in which all participants comply with the reasonable restrictions placed on "electioneering communications" and in which corporate funds are not used to influence federal elections.

8. Because Representative Allen plainly has standing, it is not necessary for this Court to determine whether Senators McCain, and Feingold, or Representatives Shays and Meehan also have standing. *See Buckley v. Valeo*, 424 U.S. 1, 12 (1976) (Article III "case or controversy" requirement satisfied because "at least some of appellants ha[d] a sufficient personal stake" in the case). Yet, even if the Court were to engage in this separate inquiry, there is reason to believe that each of the proposed intervenors can satisfy Article III dictates.

9. Plaintiff is far from clear with respect to the relief sought in this case. Plaintiff has sought a declaration that BCRA is unconstitutional as applied to the particular "electioneering communications" that plaintiff seeks to run in 2006 and a declaration that any future "electioneering communications" that CCL may seek to run in the future that meet CCL's test for "grass-roots lobbying" are also exempt from BCRA. *See* Verified Complaint for Declaratory and Injunctive Relief at 13.

10. To the extent plaintiff seeks a decision that establishes a binding test that will generally apply in future federal elections, Senators McCain and Feingold, as well as Representatives Shays and Meehan, have standing. Each is currently, or intends in the future to be, a candidate for federal office, and each has a strong interest in running in elections, participating in a political system, and serving in a government in which all participants comply with the reasonable restrictions placed on "electioneering communications" and in which corporate funds are not used to influence federal elections. Thus, to the extent plaintiff seeks a sweeping and definitive ruling regarding how BCRA's electioneering communications rules will apply in future races, each of the proposed intervenors has "a concrete, direct, and personal stake—as candidates and potential candidates—in the outcome of a constitutional challenge to a law regulating the processes by which they may attain office." *McConnell*, 2004 U.S. Dist. LEXIS 22496, at *9.

11. In assessing an as-applied constitutional challenge such as this one, facts are critical. If permitted to intervene, Movants agree with the defendant FEC that "many of the allegations in CCL's complaint and preliminary injunction motion contain little or no detail and the Commission has had no opportunity to test them through discovery." FEC's Agreed-To Emergency Motion For Expedited Discovery at 1. While there has been extremely limited and expedited discovery in this case thus far, that limited discovery appears to bear only on issues raised by the motion for preliminary injunction, and focuses on the proposed ads that plaintiff desires to run just prior to the June 13 primary election. Plaintiff has also stated that it intends to run these, or similar, ads in the 2006 general election and in future elections. There will also be a need to conduct discovery of the facts as they relate to ads plaintiff intends to run in the general election, where candidate Snowe (as well as other federal candidates, including Movant

7

Representative Tom Allen) will likely have opposition. Such discovery would go beyond those matters raised in the pending motion for a preliminary injunction, such as the use of PACs by plaintiff in prior elections, and the likelihood that plaintiff will run ads referencing candidate Snowe's position on the Marriage Protection Amendment since, as plaintiff has stated, a vote for cloture on that issue is expected in early June 2006. Plaintiff's Complaint at 3, ¶ 9. The bottom line is that even if the three-judge court grants the plaintiff's request for a preliminary injunction, further discovery will need to occur before this case can be decided on the merits. Consistent with the final sentence in section 403(b) of BCRA, Movants represent to this Court that they will strive to avoid duplication of effort and to reduce litigation burdens.

12.     For these reasons, Movants respectfully request that the Court grant their motion to intervene as defendants as of right.[4]

Dated this 17th day of April, 2006.

---

[4] Movants also meet the criteria for permissive intervention under Fed. R. Civ. P. 24(b)(2).

                                                Respectfully submitted,

                                                /s/ J. Gerald Hebert

| | |
|---|---|
| Roger M. Witten (D.C. Bar No. 163261)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800 | Seth P. Waxman (D.C. Bar No. 257337)<br>   *Counsel of Record*<br>Randolph D. Moss (D.C. Bar No. 417749)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2445 M Street, N.W.<br>Washington, DC  20037<br>(202) 663-6000 |
| Trevor Potter (D.C. Bar No.413778)<br>J. Gerald Hebert (D.C. Bar No. 447676)<br>Paul S. Ryan<br>CAMPAIGN LEGAL CENTER<br>1640 Rhode Island Avenue, N.W.<br>Suite 650<br>Washington, DC  20036<br>(202) 736-2200 | Daniel R. Ortiz<br>UNIVERSITY OF VIRGINIA SCHOOL OF LAW[*]<br>580 Massie Road<br>Charlottesville, VA  22903<br>(434) 924-3127<br><br>* For identification purposes only |
| Donald J. Simon (D.C. Bar No. 256388)<br>SONOSKY, CHAMBERS, SACHSE,<br>   ENDRESON & PERRY, LLC<br>1425 K Street, N.W.<br>Suite 600<br>Washington, DC  20005<br>(202) 682-0240 | Fred Wertheimer (D.C. Bar No. 154211)<br>DEMOCRACY 21<br>1875 I Street, N.W.<br>Suite 500<br>Washington, DC  20006<br>(202) 429-2008 |
| Charles G. Curtis, Jr.<br>David Anstaett<br>HELLER EHRMAN WHITE &<br>   MCAULIFFE LLP<br>One East Main Street<br>Suite 201<br>Madison, WI  53703<br>(608) 663-7460 | Bradley S. Phillips<br>Grant A. Davis-Denny<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue<br>35th Floor<br>Los Angeles, CA  90071<br>(213) 683-9100 |