UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE OF MAINE, INC.<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 06-0614 (LFO)<br>) (Three-Judge Court Requested)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF SENATOR RUSSELL FEINGOLD
## IN SUPPORT OF MOTION TO INTERVENE

In accordance with 28 U.S.C. § 1746, Senator Russell Feingold declares as follows:

1.  I am a member of the United States Senate from the State of Wisconsin. I was first elected in 1992, and re-elected in 1998 and 2004. I expect to run for federal office in the future.

2.  I was a principal sponsor of the legislation enacted as the Bipartisan Campaign Reform Act of 2002 (BCRA). I spent many years seeking to promote the enactment of this reform legislation.

3.  I am a citizen of the United States, a member of Congress, a voter, a recipient of campaign contributions, a fundraiser, a political party member, and I expect to be a candidate. In those capacities I am subject to BCRA, and my activities are also directly affected by the fact that others, including my political supporters, my potential election opponents, contributors to

and supporters of my opponents, and contributors to and supporters of both political parties are subject to the same regulation.

4. To the extent that the plaintiff in this case seeks a broad declaration that advertisements run by "grass-roots" groups are not subject to the "electioneering communications" provision of BCRA, I would be directly affected by the court's decision in this case. Section 203 of BCRA prohibits corporations from using their general treasury funds to pay for any "electioneering communications," which are defined in § 201 of BCRA as broadcast, cable, or satellite communications that refer to a candidate for federal office and that are broadcast within 30 days of a primary election or 60 days of a general election in the jurisdiction where that candidate is running for office. If those provisions are subverted, eroded, or circumvented, I will be forced to campaign and attempt to discharge my important public responsibilities in a system that is widely perceived to be, and I believe in many respects will be, significantly corrupted by the influence of special-interest money. The failure to apply BCRA under the circumstances presented here also will affect the perception the public will form of me, my fellow office holders, and my fellow party members.

5. To the extent that Plaintiff seeks a broad declaration in this case that all "grass-roots" organizations may engage in advertising without being subject to the "electioneering communications" provision of § 203 of BCRA, I face the strong risk that such advertisements, funded with corporate treasury funds, will be used in an attempt to influence federal elections in which I am a candidate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th Day of April, 2006.

_Russell D. Feingold_
Russell Feingold

3