UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE OF MAINE, INC.<br><br>            Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>            Defendant. | Civil Action No. 06-0614 (LFO)<br>(Three-Judge Court Requested) |

**DECLARATION OF REPRESENTATIVE THOMAS H. ALLEN
IN SUPPORT OF MOTION TO INTERVENE**

In accordance with 28 U.S.C. § 1746, Representative Thomas H. Allen declares as follows:

1. I am a member of the United States House of Representatives from the 1st Congressional District of the State of Maine. I was first elected in 1996, re-elected every two years thereafter, and face re-election this year, in November 2006.

2. I am a longtime supporter of legislative efforts to curb campaign finance abuses and voted in favor of the Bipartisan Campaign Reform Act of 2002 (BCRA).

3. I am a citizen of the United States, a member of Congress, a candidate, a voter, a recipient of campaign contributions, a fundraiser, and a political party member. In those capacities I am subject to BCRA, and my activities are also directly affected by the fact that others, including my potential contributors and supporters, my potential election opponents,

USIDOCS 5519128v1

contributors to and supporters of my opponents, and contributors to and supporters of both political parties are subject to the same regulation.

4. The application of the "electioneering communications" provisions of BCRA to the plaintiff in this case directly affects me. Section 203 of BCRA prohibits corporations from using their general treasury funds to pay for any "electioneering communications," which are defined in § 201 of BCRA as broadcast, cable, or satellite communications that refer to a candidate for federal office and that are broadcast within 30 days of a primary election or 60 days of a general election in the jurisdiction where that candidate is running for office. If those provisions are subverted, eroded, or circumvented, I will be forced to campaign and attempt to discharge my important public responsibilities in a system that is widely perceived to be, and I believe in many respects will be, significantly corrupted by the influence of special-interest money. The failure to apply BCRA under the circumstances presented here also will affect the perception the public will form of me, my fellow office holders, and my fellow party members. BCRA also imposes requirements for the disclosure of contributions and expenditures in connection with "electioneering communications" that entitle me to obtain certain information from the Christian Civic League of Maine, Inc. If plaintiff succeeds in narrowing the scope of communications subject to these disclosure requirements, I will be deprived of information relating to a campaign in which I am a candidate.

5. The plaintiff in this case is a Maine-based organization that has already indicated its intention to run broadcast advertisements in Maine markets within the "electioneering communications" periods designated by BCRA that refer to and clearly identify and criticize the positions of candidates for federal office. My Maine colleagues, Senators Olympia Snowe and Senator Susan Collins, are the subjects of the proposed ads which give rise to this lawsuit, which

USIDOCS 5519128v1

the plaintiff seeks to air just prior to the June 2006 primary election in which Senator Snowe is a candidate. The plaintiff in this case has indicated that it seeks permission through this lawsuit to air materially similar broadcast advertisements in Maine during the "electioneering communications" periods preceding future primary and general elections. Plaintiff has also indicated that its concerns extend to a broad range of issues subject to legislative debate, including, but not limited to, "partial birth abortion, permissive abortion, abortion clinic regulations, parental control of their children's education, regulation of sexual predators, legislation normalizing same sex relations, gambling, limiting the government's power to raise taxes and the freedom to advance its issues in the public forum - that regularly have and will become issues in the legislative and executive branch." Plaintiff's Complaint at 4-5.

6. As a prospective candidate, this year and in the future, in Maine federal primary and general elections, there is a strong likelihood that I will be harmed if the BCRA "electioneering communications" provisions are not applied to prohibit the use of corporate treasury funds to pay for the broad category of advertisements like those at issue in this case (which have been characterized by the plaintiff in this case as "grass-roots lobbying ads"). I face the strong risk that such advertisements, funded with corporate treasury funds, will be used in an attempt to influence federal elections in which I am a candidate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of April, 2006.

_____
Thomas H. Allen