UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE OF MAINE, INC. <br> Plaintiff, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-0614 (LFO) <br> ) (Three-Judge Court Requested) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF INTERVENING DEFENDANTS SENATOR JOHN McCAIN, SENATOR RUSS FEINGOLD, REPRESENTATIVE CHRISTOPHER SHAYS, REPRESENTATIVE MARTIN MEEHAN, AND REPRESNTATIVE TOM ALLEN**

The [proposed] intervening defendants Senator John McCain, Senator Russ Feingold, Representative Christopher Shays, Representative Martin Meehan, and Representative Tom Allen, by their undersigned counsel, for their answer and affirmative defenses to the plaintiff's Verified Complaint for Declaratory and Injunctive Relief, respectfully answer, allege, and state as follows:

**ANSWER**

**Introduction**

1.  Admit that this is an action challenging provisions of the Bipartisan Campaign Reform Act of 2002 (the "BCRA" or "Act") on constitutional grounds. In all other respects, the allegations are denied.

2.     This paragraph contains tendentious characterizations of BCRA, the provisions of which speak for themselves, and conclusions of law, to which no response is required. In all other respects, the allegations are denied.

3.     The provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

4.     This paragraph contains conclusions of law to which no response is required.

5.     This paragraph contains conclusions of law to which no response is required.

6.     Admit that this is an action challenging the constitutionality of provisions of BCRA. In all other respects, the allegations are denied.

7.     Admit that the FEC considered an exemption for "lobbying" communications but rejected it because "the Commission believe[d] that such communications could be reasonably perceived to promote, support, attack, or oppose a Federal candidate in some manner" and therefore "d[id] not meet the statutory requirement." 67 Fed. Reg. 65190, 65200-65202.

8.     Admit, but intervening defendants note that the citation to the congressional record is incorrect.

9.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.    The first two sentences contain conclusions of law to which no response is required, except intervening defendants admit that Senator Snowe is a candidate in the 2006 primary

elections and that Senator Collins is not a candidate in the 2006 elections. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph.

13. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. This paragraph contains conclusions of law to which no response is required.

15. Admit that this action seeks declaratory and injunctive relief. The remainder of this paragraph contains conclusions of law to which no response is required.

16. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. The provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants. In further response to this paragraph, the intervening defendants note that section 403(b) provides that any Member of Congress "shall have the right to intervene either in support of or opposition to the position of a party to the case regarding the constitutionality" of the Act. The intervening defendants fall within the scope of section 403(b).

### Jurisdiction and Venue

18. Admitted, except to the extent: (a) that certain claims—including but not limited to those depending on regulations not yet issued—may not be ripe for adjudication; (b) that certain claims may be moot; or (c) that plaintiffs may lack standing to bring certain of their claims.

19. Admitted.

### Parties

20. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Admit that the Federal Election Commission and Federal Communications Commission, along with the Attorney General, are charged with enforcing provisions of BCRA.

**Additional As-Applied Facts**

22.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.  Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

23.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.  Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

24.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.   Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

26.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.  Additionally, the provisions of BCRA

speak for themselves, and therefore no further answer is required of these intervening defendants.

27. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

29. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

30. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

31. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. Additionally, the provisions of BCRA

speak for themselves, and therefore no further answer is required of these intervening defendants.

32.  The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.   Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

33.  The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph also contains conclusions of law to which no response is required.   Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

34.  Admit that this action does not challenge BCRA's reporting and disclaimer requirements.

35.  Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

36.  Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

37.  Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

38.  Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

39.  Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

40. Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

41. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

42. Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

43. Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

44. Exhibit A speaks for itself, and the intervening defendants deny the self-serving characterizations contained in this paragraph.

45. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required. Additionally, the provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

46. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The final two sentences of this paragraph are denied.

**Count I**

48. In response to this paragraph, the intervening defendants incorporate their responses contained in all of the preceding paragraphs of this answer.

49. The provisions of BCRA speak for themselves, and therefore no further answer is required of these intervening defendants.

50. This paragraph contains conclusions of law to which no response is required.

51. This paragraph contains conclusions of law to which no response is required.

52. Denied.

53. Denied.

54. Denied

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## Count 2

59. In response to this paragraph, the intervening defendants incorporate their responses contained in all of the preceding paragraphs of this answer.

60. Denied.

61. This paragraph contains conclusions of law to which no response is required. In addition, the intervening defendants deny that in these circumstances "all concerns about the use of corporate funds for electioneering communications will be absent."

62. The first sentence contains conclusions of law to which no response is required. The second sentence is denied.

63.     The intervening defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent plaintiffs lack standing with respect to any claim, that claim should be dismissed.

### Second Affirmative Defense

To the extent any claim is moot or not ripe for adjudication, that claim should be dismissed.

### Third Affirmative Defense

To the extent that any claim fails to state a claim on which relief can be granted, it should be dismissed.

## REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, the intervening defendants respectfully request that the Court enter a judgment as follows:

(a)     Dismissing the plaintiffs' claim in its entirety, on the merits, and with prejudice;

(b)     Denying the plaintiffs' request for declaratory and injunctive relief in their entirety; and

(c)     Awarding such other and further relief as the Court may find to be just and equitable.

Dated this 17th day of April, 2006.

Respectfully submitted,

/s/ J. Gerald Hebert

Roger M. Witten (D.C. Bar No. 163261)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Seth P. Waxman (D.C. Bar No. 257337)
   *Counsel of Record*
Randolph D. Moss (D.C. Bar No. 417749)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2445 M Street, N.W.
Washington, DC  20037
(202) 663-6000

Trevor Potter (D.C. Bar No.413778)
J. Gerald Hebert (D.C. Bar No. 447676)
Paul S. Ryan
CAMPAIGN LEGAL CENTER
1640 Rhode Island Avenue, N.W.
Suite 650
Washington, DC  20036
(202) 736-2200

Daniel R. Ortiz
UNIVERSITY OF VIRGINIA SCHOOL OF LAW*
580 Massie Road
Charlottesville, VA  22903
(434) 924-3127

* For identification purposes only

Donald J. Simon (D.C. Bar No. 256388)
SONOSKY, CHAMBERS, SACHSE,
   ENDRESON & PERRY, LLC
1425 K Street, N.W.
Suite 600
Washington, DC  20005
(202) 682-0240

Fred Wertheimer (D.C. Bar No. 154211)
DEMOCRACY 21
1875 I Street, N.W.
Suite 500
Washington, DC  20006
(202) 429-2008

Bradley S. Phillips
Grant A. Davis-Denny
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071
(213) 683-9100

Charles G. Curtis, Jr.
David Anstaett
Heller Ehrman White &
   McAuliffe LLP
One East Main Street
Suite 201
Madison, WI  53703
(608) 663-7460