UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE<br>OF MAINE, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>FEDERAL ELECTION COMMISSION, )<br><br>Defendant. ) | Civil Action No. 06-0614 (JWR, LFO, CKK)<br>(Three-Judge District Court) |

### NOTICE TO COUNSEL

On April 17, 2006, Senators Russell Feingold and John McCain, together with Representatives Tom Allen, Martin Meehan, and Christopher Shays, filed a motion in the above-captioned case to intervene as defendants supporting the as-applied constitutionality of the Bipartisan Campaign Finance Reform Act of 2002 (docket number 18). The action in which the movants seek to intervene was filed on April 3, 2006 and randomly assigned to me. At my request for a three-judge court, Chief Judge Ginsburg assigned Circuit Judge Rogers and District Judge Kollar-Kotelly. The plaintiff's motion for an expedited schedule has been granted, and a hearing on the plaintiff's motion for a preliminary injunction (which it has asked the court to rule on by May 14), is scheduled for Monday next, April 24.

Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer") represents these movants. The potential presence of Wilmer as counsel in the above-captioned matter, if the motion to intervene is granted, caused me to consider whether to recuse myself from further involvement. In the past, I have routinely disqualified myself from matters in which my former law firm, Wilmer, Cutler &

Pickering, predecessor of Wilmer Cutler Pickering Hale and Dorr LLP, was involved. But I left the firm about thirty years ago. The partners who were my contemporaries and closest friends, particularly Lloyd Cutler, John Pickering, and Roger Wollenberg, sadly, are now deceased. Most, if not all, of my other former partners are now either retired or deceased. On the other side of the ledger, my granddaughter is a new associate at the firm, but not a lawyer on this case. Her brother will start as an associate in the firm's New York office this fall. Several of my former law clerks are also associates at the firm and one of my incumbent law clerks came from there.

      My recusal is not mandated by the applicable statute, *see* 28 U.S.C. § 455(a) & (b). And my recusal at this time would either put great pressure on a successor to prepare effectively for an April 24 hearing, or require postponement of it at risk of failing to meet the concerns of the plaintiff. All this considered, I have decided that I should not recuse myself *sua sponte* from hearing and participating in the three-judge court decision on the pending motion for preliminary injunction.

      However, any party or movant may, on or before <u>Thursday, April 20, 2006, at 12:00 p.m.</u>, file under seal with the Clerk of this United States District Court a motion for my recusal. The Clerk shall, without revealing to me or anyone else the source or rationale of the motion, report to me only that such a motion has been filed.

      /s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE