United States District Court
District of Columbia

| | |
|---|---|
| **The Christian Civic League of Maine, Inc.**<br>    70 Sewall Street<br>    Augusta, ME 04330**,**<br>                    *Plaintiff*,<br><br>*v.*<br><br>**Federal Election Commission,**<br>    999 E Street, NW<br>    Washington, DC 20463**,**<br>                    *Defendant*. | **Cause No.** 1:06CV00614 (JWR, LFO, CKK)<br><br>THREE-JUDGE COURT |

## Plaintiff's Memorandum in Opposition to Motion of Sen. McCain et al. to Intervene

The Christian Civic League of Maine, Inc. ("CCL") opposes the motion of Sen. John McCain et al. ("Movants") to intervene as defendants under Federal Rule of Civil Procedure 24(a) and (b) and BCRA § 403(b). The proposed Intervenors lack requisite Article III standing. If intervention is permitted, Intervenors' opposition to Plaintiff's motion for preliminary injunction should be struck as untimely.  *See* Motion to Strike and Points and Authorities in Support Thereof. (attached).

Intervention should be denied because Article III standing is required in this Circuit for intervention, *Building and Constr. Trades Dept., AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir.1994), and Movants lack Article III standing. CCL understands that whether Article III standing is required for intervention is an open question before the United States Supreme

**Opposition to Intervention**                    1

Court, *see Diamond v. Charles*, 476 U.S. 54, 68-69 and n. 21 (1986), and that the circuits are split on the matter. *Compare Solid Waste Agency v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir. 1996); *Mausolf v. Babbit*, 85 F.3d 1295, 1300 (8th Cir. 1996); *Reich*, 40 F.3d at 1282, *with United States Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir.1978); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir.1994); *Yniguez v. State of Arizona*, 939 F.2d 727, 731 (9th Cir.1991).

CCL knows that Sen. McConnell et al. were granted intervention in this Court in *McConnell* and in *Shays v. FEC*, 337 F. Supp. 2d 28 (D.D.C. 2004), based on reasons that arguably apply here. In *McConnell*, the intervention of Sen. McCain et al. was challenged as an issue in the U.S. Supreme Court, but the Court declined to rule on the issue because the FEC had standing and the positions of the FEC and intervenors were "identical." 540 U.S. at 233. CCL preserves this issue for possible argument before the Supreme Court in this case, providing the following brief points adapted from the argument made to the Supreme Court in *McConnell*.

The Movants must satisfy both constitutional and prudential requirements for standing. *See, e.g., National Credit Union Admin. v. First National Bank & Trust Co.*, 522 U.S. 1146 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Section 403(b), by permitting members of Congress to intervene, removes any prudential standing concerns. *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress's decision to grant a particular plaintiff the right to challenge an act's constitutionality ... eliminates any prudential standing limitations and significantly lessens the risk of unwanted conflict with the Legislative Branch when the plaintiff brings suit"). However, "Congress cannot erase Article III's standing

**Opposition to Intervention**                         2

requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing." *Id.* Movants lack Article III standing.

First, they do not satisfy the requirement that one must suffer an "injury in fact," consisting of an "invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). The Movants claimed injury here is neither concrete nor particularized. In *Raines*, 521 U.S. at 829, the Supreme Court held that individual members of Congress lacked standing to challenge the constitutionality of the federal Line Item Veto Act, although the Act explicitly provided that any Member might bring suit against it, because the Members had alleged no cognizable injuries particular to themselves, and their claimed institutional injury was widely dispersed and abstract

The Movants' alleged injury here, which is asserted harm to an interest "in running in elections, participating in a political system, and serving in a government in which all participants comply with the reasonable restrictions placed on 'electioneering communications' and in which corporate funds are not used to influence federal elections, Mem. at ¶ 10, lacks particularity and concreteness to an even greater degree than the claim of the *Raines* plaintiffs. A line item veto is at least known to diminish the specific weight of every legislative vote. This is surely a more concrete and particular injury than that which Movants claim. If the Raines plaintiffs lacked standing, the Movants lack it, too. If the Movants here have standing, then so do all legislators whenever any statute that affects them is brought into question before the courts, which would elide the entire meaning of the "case and contro-

**Opposition to Intervention**                  3

versy" requirement.[1]

Second, the Movants lack Article III standing because there is no causal connection between their alleged "injury"and the conduct complained of. *Lujan*, 504 U.S. at 560-61. Their claimed injury would arise from the unregulated conduct of other parties. However, "[i]n those cases where a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (*or lack of regulation*) of someone else, it is substantially more difficult to establish injury in fact, for in such cases one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." *Common Cause v. FEC*, 108 F.3d 412, 417 (D.C. Cir. 1997) (quotations and citations omitted) (emphasis added).

"[B]ecause an intervenor participates on equal footing with the original parties to a suit, a movant for leave to intervene ... must satisfy the same Article III standing requirements as original parties." *Building and Constr. Trades Dept., AFL-CIO*, 40 F.3d at 1282 (citations

---

[1] In *Karcher v. May*, 484 U.S. 72, 78 (1987), the Supreme Court held that New Jersey legislators had standing to defend a statute that the state's Attorney General refused to defend, if they acted "in their official capacities as presiding officers on behalf of the . . . Legislature," but lost standing when acting as individual legislators. *Id.* In *INS v. Chadha*, 464 U.S. 919, 930, n.5 (1983), this Court held that Congress was a proper party to defend a one-House veto provision when a government agency refused to defend the provision and both Houses authorized the intervention of Congress to defend the provision. But Movants here have not sought to intervene in any official capacity, only as individual legislators. And the challenged provision is actively and ably defended by the government. Moreover, this is not a case where precluding candidates from standing would mean that no one could challenge election rules, as Movants suggest, Mem. at n.2, because Movants seek to intervene as *defendants*.

And informational standing, which Movants assert, Mem. at n.2, is also unavailing because CCL has indicated that it would fully comply with the disclosure and reporting requirements for electioneering communications and does not challenge those provisions. In any event, there have not yet been any electioneering communications by CCL as to which anyone could assert an informational interest.

**Opposition to Intervention**                                4

omitted). As the Eighth Circuit held:

> [A]n Article III case or controversy, once joined by intervenors who lack standing, is – put bluntly – no longer an Article III case or controversy. An Article III case or controversy is one where all parties have standing, and a would-be intervenor, because he seeks to participate as a party must have standing as well. The Supreme Court has made it very clear that "[those] who do not possess Art. III standing may not litigate as suitors in the courts of the United States."

*Mausolf*, 85 F.3d at 1300 (citation omitted).

The Article III standing requirement cannot be mitigated by Congress. Congressional power to create standing is subject to the limitations of Article III. *See, e.g., Warth v. Seldin*, 422 U.S. 490 (1975); *Linda R.S. v. Richard D.*, 410 U.S. 64 (1973). Article III's injury in fact requirement limits Congress' power to confer standing. *Lujan*, 504 U.S. at 580-81 (Kennedy, J., concurring). "In no event ... may Congress abrogate the Art. III minima." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979). The fact that Representative Allen is from Maine adds nothing to her Article III standing and the arguments set out here, it only highlights that the other Movants have even less concrete claims. Since Article III standing is required for intervention and Movants lack such standing, intervention should be denied.

In the alternative, if Movants are permitted to intervene, CCL asks that intervention be permitted only to the extent of expeditiously participating in any briefing on any motions lodged or ordered after resolution of CCL's motion for preliminary injunction. This approach is in keeping with the language of the intervention provision in BCRA, § 403(b), which provides that "the court in any such action may make such orders as it considers necessary . . . ." Movants should not be permitted to impose discovery and delay burdens, to the prejudice of CCL.

Finally, intervention should either be denied or limited to briefing future motions

**Opposition to Intervention**                5

because there is something decidedly unseemly about members of Congress, including Representative Allen from Maine, engaging in discovery of persons who wish to be free to lobby them. The notion that the people's representatives are free to impose discovery burdens and probe the files and thoughts of persons having the temerity to seek recognition of a constitutional right to engage in authentic grassroots lobbying is contrary to the First Amendment's protections of the right to free expression, association, and petition and the very structure of representative, participatory government.

For the foregoing reasons, CCL respectfully requests that the Court deny Movants' intervention request, or in the alternative that it be limited to expeditious briefing on motions lodged or ordered by this Court after resolution of CCL's motion for preliminary injunction.

Respectfully submitted,

| | |
|---|---|
| M. Miller Baker, D.C. Bar # 444736 | James Bopp, Jr.* |
| Michael S. Nadel, D.C. Bar # 470144 | BOPP, COLESON & BOSTROM |
| MCDERMOTT WILL & EMERY LLP | 1 South Sixth Street |
| 600 Thirteenth Street, NW | Terre Haute, IN  47807 |
| Washington, D.C. 20005-3096 | 812/232-2434 telephone |
| 202/756-8000 telephone | 812/234-3685 facsimile |
| 202/756-8087 facsimile | *Lead Counsel for Plaintiff* |
| *Local Counsel for Plaintiff* | |

## Certificate of Service

    I, Michael S. Nadel, a member of the bar of this Court, certify that on February 27, 2006, I caused a true and correct copy of the foregoing memorandum in opposition to the motion to intervene to be served on counsel for the Defendant Federal Election Commission under the electronic filing system of this Court and on counsel for the proposed intervenors by First Class mail, facsimile transmission, and email transmission on:

Seth P. Waxman, *Counsel of Record*
Randolph D. Moss
WILMER CUTLER PICKERING HALE AND DORR LLP
2445 M Street, NW
Washington, DC 20037
Fax: 202/663-6363
Email: Seth.Waxman@wilmerhale.com; Randolph.Moss@wilmerhale.com

    Respectfully submitted,

/s/ Michael S. Nadel
M. Miller Baker, D.C. Bar # 444736
Michael S. Nadel, D.C. Bar # 470144
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
202/756-8000 telephone
202/756-8087 facsimile
*Local Counsel for Plaintiff*