UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN CIVIC LEAGUE OF MAINE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FEDERAL ELECTION COMMISSION, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| SEN. JOHN McCAIN *et al.*, | ) ) |
| Intervening Defendants. | ) |

Civil Action No. 06-0614 (JWR, LFO, CKK)
(Three-Judge Court)

ANSWER

**DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Defendant Federal Election Commission ("FEC" or "Commission") through its undersigned counsel responds as follows to the original complaint in this litigation. Everything not given a specific response is DENIED.

1.   Paragraph 1 contains plaintiff's characterizations of the matter complained of and the Bipartisan Campaign Reform Act of 2002 ("BCRA"), which speak for themselves. Therefore, no response is required.

2.   Paragraph 2 describes provisions of the Federal Election Campaign Act of 1971, as amended ("the Act" or "FECA"), and of Title 11 of the Code of Federal Regulations ("regulations"), which speak for themselves. Therefore, no response is required.

3.  Paragraph 3 describes provisions of the Act and of the Commission's regulations, which speak for themselves. Therefore, no response is required.

4.  Paragraph 4 characterizes the Supreme Court's decision in <u>First National Bank of Boston v. Belotti</u>, 435 U.S. 765 (1978), which speaks for itself. Therefore, no response is required.

5.  Paragraph 5 characterizes the Supreme Court's decisions in <u>McConnell v. FEC</u>, 540 U.S. 93 (2003), and <u>Wisconsin Right to Life, Inc. v. FEC</u>, 126 S.Ct. 1016 (2006), which speak for themselves. Therefore, no response is required.

6.  The first sentence of Paragraph 6 contains plaintiff's characterization of this case and plaintiff's Exhibit A, matters which speak for themselves; therefore, no response is required. The Commission is without knowledge or information sufficient to admit or deny the allegation in the second sentence of Paragraph 6 regarding plaintiff's future actions involving its purported ads. No response is required to the third sentence of Paragraph 6, which describes plaintiff's judicial complaint.

7.  ADMIT that in 2002 the Commission issued final rules implementing the "electioneering communication" provisions of the Act. 67 Fed. Reg. 65,190 (Oct. 23, 2002). The Commission DENIES that it concluded that creating an exception for "grassroots lobbying" from the definition of electioneering communication was beyond the authority granted to it by Congress. The Commission's reasons for not creating such an exception are set forth in the cited Federal Register Notice, a document that speaks for itself. Therefore, no further response is required.

8.  ADMIT.

2

9. ADMIT. In fact, the cloture vote occurred on June 7 and failed to pass by a vote of 49 to 48.

10. ADMIT that Congress has not approved a constitutional amendment banning same-sex marriage. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10.

11. The Commission is without knowledge or information sufficient to admit or deny the allegation in Paragraph 11.

12. ADMIT that plaintiff's purported advertisements broadcast prior to thirty days before the June 13, 2006 Maine primary election would not fall within the definition of an electioneering communication, 2 U.S.C. 434(f)(3)(A). ADMIT that plaintiff's purported ads, if otherwise falling within the definition of electioneering communications, 2 U.S.C. 434(f)(3)(A), and broadcast within thirty days of the June 13, 2006, Maine primary election would fall within the definition of electioneering communication. ADMIT that at the time of this filing Senator Snowe is running unopposed for the Republican Senate nomination and that Senator Collins is not running for office this year. The Commission is without knowledge or information sufficient to admit or deny the allegation in the last sentence of Paragraph 12 regarding plaintiff's alleged intentions.

13. The Commission is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 13. The Commission ADMITS that CCL does not control the timing of Senate votes, but DENIES that the timing of CCL's own advertisements is beyond its control.

14.     ADMIT that within thirty days of the June 13, 2006, Maine primary election and within 60 days of the November 7, 2006, Maine general election, BCRA prohibits the plaintiff from running electioneering communications paid for with funds from its general treasury. The Commission is filing with this Answer a motion to dismiss regarding future "materially similar ads," so no response to such allegations is required.

15.     Paragraph 15 contains characterizations of the relief sought by plaintiff and therefore does not require a response. To the extent a response is deemed necessary, the Commission DENIES that plaintiff is entitled to the requested relief or to any relief whatsoever. To the extent this paragraph concerns future "materially similar ads," the Commission is filing with this Answer a motion to dismiss regarding such allegations, so no response is required.

16.     The Commission is without knowledge or information sufficient to admit or deny that the plaintiff is required to reference a clearly identified candidate for federal office in its broadcast communications. ADMIT that plaintiff does not presently have a federal political committee registered with the Commission. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 16, many of which involve plaintiff's alleged future intentions and actions. To the extent this paragraph concerns future "materially similar grass-roots lobbying ads," the Commission is filing with this Answer a motion to dismiss regarding such allegations, so no response is required.

17.     Paragraph 17 characterizes BCRA § 403, a provision of federal law that speaks for itself. Therefore, no response is required.

18.     ADMIT that this Court has jurisdiction pursuant to 28 U.S.C. 1331 and BCRA § 403.

19.     ADMIT.

20.     ADMIT.

21.     ADMIT.

22.     The Commission is without knowledge or information sufficient to admit or deny the factual allegation in this paragraph. The statutory and regulatory provisions cited speak for themselves, so no response is required.

23.     Paragraph 23 contains plaintiff's conclusions of law, to which no response is required.

24.     The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 regarding Exhibit A.[1] To the extent this paragraph concerns "planned future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

25.     The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 25 regarding Exhibit A. To the extent this paragraph concerns "planned future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

26.     ADMIT that the text of Exhibit A to plaintiff's complaint "refer[s] to … a clearly identified candidate for Federal office" within the meaning of cited provisions of

---

[1]     In Paragraphs 24, 25, 26, 28 and 29, the Complaint cites to Title 2 of the Code of Federal Regulations. We assume that the Complaint meant to cite to Title 11 of the C.F.R., and the Commission's answers should be so construed.

the Act and the Commission's regulations. To the extent this paragraph concerns "planned future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

27. Exhibit A speaks for itself, so no response is required. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 27 regarding plaintiff's alleged future actions.

28. Paragraph 28 quotes provisions of the Act and Commission regulations, which speak for themselves; therefore, no response is required. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28. To the extent this paragraph concerns "planned future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

29. Paragraph 29 quotes a provision of the Commission regulations, which speaks for itself; therefore, no response is required. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 29. To the extent this paragraph concerns "planned future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

30. The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 regarding plaintiff's purported ad. To the extent this paragraph characterizes a Commission regulation, that provision speaks for itself; therefore, no response is required.

31.     This paragraph characterizes a Commission regulation, which speaks for itself, so no response is required.

32.     The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 regarding plaintiff's alleged future actions. To the extent this paragraph characterizes the FECA or a Commission regulation, those provisions speak for themselves; therefore, no response is required.

33.     To the extent this paragraph characterizes the contents of Exhibit A and contains legal conclusions about it, no response is required. The Commission is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 33.

34.     Paragraph 34 characterizes plaintiff's judicial complaint; therefore, no response is required.

35.     Paragraph 35 characterizes the contents of Exhibit A to plaintiff's complaint, which speaks for itself, and contains plaintiff's conclusions of law. Therefore, no response is required.

36.     Paragraph 36 characterizes the contents of Exhibit A to plaintiff's complaint, which speaks for itself. Therefore, no response is required. The Commission is without knowledge or information sufficient to admit or deny the allegations concerning Senators' activities. The Commission ADMITS that CCL does not control the timing of legislative votes, but DENIES that the timing of CCL's own advertisements is beyond its control.

37.     Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

38. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

39. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

40. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

41. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.  The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 concerning CCL's interests.

42. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

43. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

44. Exhibit A to plaintiff's complaint speaks for itself; therefore, no response is required.

45. This paragraph contains a legal conclusion regarding CCL's characterization of a regulation, which speaks for itself.  Therefore, no response is required.

46. The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47. ADMIT that FECA prohibits the plaintiff from running electioneering communications paid for with funds from its general corporate treasury.  The Commission is without knowledge or information sufficient to admit or deny the

remaining allegations in the first sentence of Paragraph 47. The second and third sentences of Paragraph 47 contain plaintiff's conclusions of law, to which no response is required.

48. The Commission answers and incorporates its previous responses.

49. This paragraph characterizes several statutory provisions, which speak for themselves, so no response is required.

50. Paragraph 50 characterizes the Supreme Court's decision in <u>First National Bank of Boston v. Belotti</u>, 435 U.S. 765 (1978), which speaks for itself; therefore, no response is required.

51. Paragraph 51 characterizes the Supreme Court's decision in <u>Citizens Against Rent Control v. Berkeley</u>, 454 U.S. 290 (1981), which speaks for itself; therefore, no response is required.

52. Paragraph 52 contains plaintiff's conclusions of law, to which no response is required. To the extent this paragraph concerns "materially similar future advertisements," the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

53-58. These paragraphs contain plaintiff's conclusions of law; therefore, no response is required.

59. The Commission answers and incorporates its previous responses.

60-62. These paragraphs contain plaintiff's conclusions of law, and its characterizations of statutory and regulatory provisions and court decisions, which speak for themselves. Therefore, no response is required.

63. The Commission is without knowledge or information sufficient to admit or deny the allegations in Paragraph 63 regarding what plaintiff believes and its intentions.

64. Paragraph 64 contains plaintiff's conclusions of law; therefore, no response is required.

Plaintiff's Prayer for Relief:

1-6. Plaintiff's prayer for relief does not require a response, but insofar as a response is deemed necessary, the Commission DENIES that plaintiff is entitled to the requested relief or to any relief whatsoever. To the extent these paragraphs concern unspecified future "grass-roots lobbying" advertisements, the Commission is filing with this Answer a motion to dismiss regarding such ads, so no response to such allegations is required.

**AFFIRMATIVE DEFENSE:**

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

Respectfully submitted,

_____/s/_____
Lawrence H. Norton
General Counsel

_____/s/_____
Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

          /s/
David Kolker
Assistant General Counsel
(D.C. Bar # 394558)

          /s/
Harry J. Summers
Attorney

          /s/
Kevin Deeley
Attorney

          /s/
Steve N. Hajjar
Attorney

FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
June 12, 2006          (202) 694-1650