UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN CIVIC LEAGUE OF MAINE, INC., | ) <br> ) <br> ) Civil Action No. 06-0614 (JWR, LFO, CKK) |
| Plaintiff, | ) (Three-Judge District Court) <br> ) |
| v. | ) <br> ) Joint Report |
| FEDERAL ELECTION COMMISSION, | ) <br> ) |
| Defendant, | ) <br> ) |
| and | ) <br> ) |
| JOHN McCAIN, RUSSELL FEINGOLD, CHRISTOPHER SHAYS, MARTIN MEEHAN, and TOM ALLEN, | ) <br> ) <br> ) |
| Intervenor-Defendants. | ) |

**JOINT REPORT OF THE PARTIES PURSUANT TO
ORDER OF JUNE 5, 2006**

Pursuant to the Court's Order of June 5, 2006, the parties hereby file a joint report regarding completion of discovery and dispositive briefing.

**I.   PART ONE:  Agreement of the Plaintiff and the Federal Election Commission**

While recognizing the statutory requirement for expedition of this action, the plaintiff and the FEC agree that the case need not be resolved on the merits by October 1, 2006. The issuance of a decision by October 1 would have no effect on whether or not this case is moot.

On June 7, 2006, the Senate voted on the Marriage Protection Amendment ("MPA"), and no similar vote is currently scheduled. The justiciability of the plaintiff's claims concerning its "Crossroads" ad — which addresses the MPA — largely turns on the applicability of the

"capable of repetition, yet evading review" exception to the mootness doctrine. Because that exception may apply regardless of whether the Senate votes again on the MPA in 2006, its application does not depend upon whether the Court reaches the merits before or after October 1, 2006 (or at any other time in this election cycle).

Regarding any future "grassroots lobbying" advertisements, the plaintiff currently has no specific plans to run such ads between now and election day (November 7) that would be considered electioneering communications under the Federal Election Campaign Act. Thus, the justiciability of claims about such ads also does not depend upon the Court reaching the merits by October 1, 2006.

Moreover, even if the case were to become moot on October 1, a decision from this Court before that date would not eliminate the mootness problem. If such a decision were appealed to the Supreme Court, that Court would then find the case moot (after October 1) and, under <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36 (1950), vacate the district court's decision.

**II.     PART TWO:  Specific proposals of the parties**

    **A.     FEC's position:**

        **1.     FEC's primary scheduling proposal**

The FEC proposes the following schedule, which balances the requirement for expedition with the need to develop an appropriate record:

<u>Discovery</u>

- Responses to written discovery requests will be due 15 days from service, rather than the usual 30 days pursuant to Fed. R. Civ. P. 33(b), 34(b), and 36(a).

- The five day "reasonable notice" period provided in LCvR 30.1 for depositions taken in the D.C. area apply to all depositions to be taken in this matter, including any to be taken in Maine or other states.

- At this time, the Commission believes that the usual number of depositions and interrogatories provided for in Fed. R. Civ. P. 30(a) and 33(a) should be sufficient. Under the rules, the intervenors and the Commission may each serve 25 interrogatories, for a total of 50.

- The FEC proposes an abbreviated discovery schedule of 9 weeks, to begin on or before June 26:

    July 24, 2006      Last day to identify expert witnesses (Fed. R. Civ. P. 26(a)(2)(A))

    July 31, 2006      Last day to serve interrogatories and document requests upon parties (Fed. R. Civ. P. 33, 34)

    August 11, 2006    Last day to produce expert witness reports (Fed. R. Civ. P. 26(a)(2)(B))

    August 21, 2006    Last day to take depositions (Fed. R. Civ. P. 30, 31)

    August 25, 2006    Last day to serve requests for admissions and third-party document subpoenas (Fed. R. Civ. P. 36, 45)

Summary Judgment Briefing

- The parties will file only two briefs per side, with the first brief limited to 45 pages and the second brief limited to 25 pages. *See* Local Rule 7(e). The FEC and intervenors will each file separate briefs.

- These briefs would be filed according to the following schedule:

    September 11, 2006    Plaintiff's Opening Summary Judgment Brief due

    October 2, 2006       FEC's and Intervenors' Opening Summary Judgment / Opposition Briefs due

    October 16, 2006      Plaintiff's Summary Judgment Opposition / Reply Brief due

    October 30, 2006      FEC's and Intervenors' Summary Judgment Reply Briefs due

    **2.   FEC's alternative scheduling proposal**

The FEC believes that the schedule proposed in Part A above is the preferred schedule, but the FEC submits the alternative proposal described below, in case the Court determines that

3

it must resolve this matter by October 1, 2006. The schedule in Part A above is preferable because it provides an expedited, but more reasonable schedule for discovery and briefing in this important case; in particular, it allows more extensive use of requests for admission by allowing the last requests to be served <u>after</u> the end of the depositions. In the alternative schedule below, there is simply not enough time to permit requests for admission to occur so late without unfairly squeezing the plaintiff's time to prepare its opening brief.

<u>Discovery</u>

- Responses to written discovery requests be due 15 days from service, rather than the usual 30 days pursuant to Fed. R. Civ. P. 33(b), 34(b), and 36(a).

- The five day "reasonable notice" period provided in LCvR 30.1 for depositions taken in the D.C. area apply to all depositions to be taken in this matter, including any to be taken in Maine or other states.

- The FEC believes that the usual number of depositions and interrogatories provided for in Fed. R. Civ. P. 30(a) and 33(a) should be sufficient. Under the rules, the intervenors and the Commission may each serve 25 interrogatories, for a total of 50.

- A discovery schedule of 6 weeks, to begin on June 26:

    July 17, 2006    Last day to identify expert witnesses (Fed. R. Civ. P. 26(a)(2)(A))

    July 24, 2006    Last day to propound written discovery requests (Fed. R. Civ. P. 33, 34, 36, 45)

    July 28, 2006    Last day to produce expert witness reports (Fed. R. Civ. P. 26(a)(2)(B))

    August 7, 2006   Last day to take depositions (Fed. R. Civ. P. 30, 31)

<u>Summary Judgment Briefing</u>

- The parties will file only two briefs per side, with the first brief limited to 45 pages and the second brief limited to 25 pages. *See* Local Rule 7(e). The FEC and intervenors will each file separate briefs.

- The FEC proposes that these briefs be filed according to the following schedule:

| | |
|---|---|
| August 14, 2006 | Plaintiff's Opening Summary Judgment Brief due |
| September 1, 2006 | FEC's and Intervenors' Opening Summary Judgment / Opposition Briefs due |
| September 11, 2006 | Plaintiff's Summary Judgment Opposition / Reply Brief due |
| September 20, 2006 | FEC's and Intervenors' Summary Judgment Reply Briefs due |

### 3. FEC's position regarding the scope of discovery

Although plaintiff proposes limits on the scope of discovery, there is no reason in this case to depart from the ordinary operation of the Federal Rules of Civil Procedure, which permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Plaintiff requests that discovery be prohibited or that strict ex ante limits be placed on discovery, but provides no reason why the ordinary process of serving discovery and handling objections through meeting and conferring and the filing of motions for protective orders is inappropriate here.

As explained in the FEC's memorandum in opposition to consolidation of the merits with the motion for preliminary injunction, the courts in McConnell v. FEC looked at a variety of contextual information in order to evaluate whether pre-election advertisements had an electoral purpose or effect. FEC Mem. in Opp. To Pl's. Mot. for Consolidation at 6-8. The Supreme Court also noted that there are a number of alternatives available to corporations that wish to communicate about issues without violating the electioneering communications provision, including avoiding reference to federal candidates, paying for ads from separate segregated funds, and using alternative advertising media. Id. at 8. Thus, the Commission seeks discovery regarding not only the purpose and effect of CCL's proposed advertisement and the availability

5

of alternatives, but also its "historic use of broadcast and other media for its public communications, the relationship between matters raised in CCL's contemplated ad and Senator Snowe's candidacy for reelection, and CCL's historic support of or opposition to Senator Snowe." Id. at 7.

There is no reason for the Court to place any abstract limits at this time on discovery that has yet to be served, rather than wait for concrete disputes, in any, that may arise. The scheduling order in the Wisconsin Right to Life case has been improperly construed by the plaintiff in that case to resist relevant discovery. Thus, the initial limits on discovery in that case have inadvertently created discovery disputes rather than prevented them. The Court should not impose any such abstract limits here.

**B.    Intervenors' position:**

Intervenors believe that discovery, briefing and argument can take place on a schedule leading to a decision by October 1, and for that reason support the alternative schedule proposed by the Federal Election Commission (FEC). If the Court concludes that it is not necessary to render a decision by October 1, Intervenors have no objection to the first, somewhat longer schedule that the FEC proposes. As Intervenors earlier stated in the motion for partial judgment on the pleadings, the Court need not decide the pending motions to dismiss or for partial judgment now, but can do so at the same time it addresses the merits, if the Court believes that this will be helpful to a timely resolution of the case.

Intervenors agree with the FEC's position regarding the scope of discovery.

**C.    Plaintiff's Position:**

Plaintiff the Christian Civic League of Maine ("CCL") reiterates its position that the case need not be resolved on the merits by October 1, 2006. The Plaintiff proposes the following

6

schedule, which reflects the schedules of briefing and hearing motions filed in this case since the June 5 conference, parallel litigation in this case in the Supreme Court, cross motions for summary judgment on the same issues as well as possible discovery litigation in *Wisconsin Right to Life, Inc. v. FEC*, ("*WRTL*") and the unavailability of counsel for the Plaintiff during key proposed discovery periods.

In addition to the extraordinary burden that the timing of the discovery places on the litigants, Plaintiff also submits that further discovery is unnecessary. The parties undertook expedited discovery at the outset of this case, and a fuller factual record than that which has already been submitted here will not facilitate this or any court's resolution of the case.

And while the statutory mandate calls for the Court to "expedite to the greatest possible extent," BCRA § 4-3(a)(4), the "possible extent" is limited here by the burden on the parties created by a confluence of multiple tracks in two similar cases. Moreover, radical expedition is no longer warranted in this case. Because the FEC was not enjoined from enforcing the electioneering communication prohibition against the broadcast of the ad, the ad was not run starting on May 14, and the opportunity for the exercise of the commensurate First Amendment rights of speech and petition were irreparably lost. Finally, in the *Joint Report of the Parties in Response to Order of May 9, 2006*, (Docket # 34), the Defendants proposed three months of discovery.[1] Accordingly, modest changes to the discovery schedule such as those proposed here would not be objectionable.

**Specific Problems With the Proposed Schedule.**

---

[1] For reasons expressed by Plaintiff in that same *Report*, such discovery is unnecessary and invites constitutionally troublesome government probing into an organization's inner workings as a response to filing a suit to secure First Amendment rights.

The proposed schedule opens discovery on June 26, making first responses due on July 5. The last day for all written discovery requests would be July 24, making the last day for responses August 8.

> 1) Because the Solicitor General's office has been granted an extension until July 12 for its response to CCL's Jurisdictional Statement in its appeal of this Court's denial of preliminary injunction, CCL's response, in the form of an Opposition to Defendants' Motion to Dismiss or Affirm, is due in the following ten days, on or before July 21, within the heart of the period in which CCL is expected to respond to written discovery requests.
>
> 2) The FEC and Intervenors have filed motions to dismiss in this matter. The disposition of these motions will authoritatively shape the issues for further litigation and should thus be resolved before any discovery is undertaken. In addition, CCL's response to the motions is due on June 23, at the start of the proposed discovery period, and a hearing would be held during the heart of the discovery period.
>
> 3) The FEC and Intervenors are also poised to file a motion to compel in a dispute over discovery in *WRTL v. FEC*. They have proposed an expedited schedule for briefing that will likely carry into the discovery period in *CCL* as proposed above.
>
> 4) As proposed, discovery in this case also intersects with the summary judgment briefing schedule for *WRTL v. FEC*: the plaintiff's opening brief is due in that case on June 23.
>
> 5) In addition, the lawyers for Plaintiffs will be unavailable because of long-scheduled vacations or previous engagements during the heart of the proposed discovery; multiple attorneys will be unavailable some or all of the period from during the period of July 1 through July 31, making timely responses to interrogatories and document requests impossible.

Plaintiffs therefore propose starting any discovery in this matter on July 26 and proceeding thereupon as provided in the FEC plan "A". In the alternative, discovery could start July 19 if the time for response to written discovery requests was lengthened from 15 to 21 days.

**The Scope of Any Discovery Must be Limited**

Finally, for reasons fully set out in Plaintiff's position in the *Joint Report of the Parties in Response to Order of May 9, 2006,* (Docket # 34) to which the Court's attention is directed,

whatever the schedule settled upon for discovery here, the scope of the allowable enquiry should be limited. Defendants here have previously proposed extensive and intrusive discovery. In addition to the expedited discovery to which CCL has already submitted, the FEC will apparently seek to

> compile a record addressing a narrow range of topics concerning the purpose and likely effect of CCL's planned advertisement . . . . seek expert testimony as to the likely effect of CCL's advertisement in Maine's electoral climate, CCL's alleged need to identify office holders in its grassroots lobbying advertisements, and the effect that a grassroots lobbying exemption like the one CCL now seeks would likely have in future electoral contests, including whether it would enable political consultants to craft electioneering ads that would circumvent regulation during the "electioneering communication" periods of the Act.

Def. FEC's Mem. Opp. Consolidation 7 (Docket # 15). As attested to by experience in *WRTL v. FEC*, even when limited temporally by Order to the period immediately surrounding the advertisement(s) at issue, and specifically excluding historical or planned future advocacy and information that is otherwise proprietary, the Defendants' discovery of a plaintiff challenging the electioneering communication prohibition requires thousands of dollars of legal fees and lost productivity and being subjected to prying into private, First Amendment-protected details of an organization's inner workings and can sweep in nonparties only marginally involved in the advertisements' production. Therefore, any allowable discovery should be strictly limited and exclude inquiry into the purpose and effect of the advertisements and instead be limited to the 2006 advertisements aimed at the June vote on the Federal Marriage Amendment. In the alternative, the scope of permissible discovery should be at least as limited as that provided by the court's April 17, 2006 Scheduling Order in *WRTL v. FEC* (a copy of which is attached).

**Summary Judgment Briefing**

If the Court adopts the Plan "A" discovery schedule, the time between the close of discovery and briefing of dispositive motions will be unrealistically short. The last day for responses to requests for admissions and third-party document subpoenas will fall on Saturday, September 9, and Plaintiff's Opening Summary Judgment Brief would be due Monday, September 11. In addition to moving the start of discovery back until July 19 or 26, with a commensurate calendar move of summary judgment briefing, the period between the close of discovery and the filing of summary judgment briefs should be at least fourteen days.

If, as proposed here by Plaintiff, discovery begins on July 26 and runs by the internal schedule as proposed by Plan "A," the close of discovery (last day for responses to requests for admission and third party document subpoenas) would fall on or about October 10. Allowing 21 days for the opening summary judgment brief yields a due date of October 31, 2006. The FEC and Intervenors' opening briefs would be due November 21, allowing for the Thanksgiving holiday, Plaintiff's Opposition would be due on December 14, and allowing for the Christmas and New Year's holidays, the FEC and Intervenors' Opposition briefs due on January 8, 2007.

    Respectfully submitted,

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
|   /s/ Jeffrey P. Gallant   |   /s/ Kevin Deeley   |
| James Bopp, Jr. | Lawrence H. Norton |
| Richard E. Coleson | General Counsel |
| Jeffrey P. Gallant | |
| BOPP, COLESON & BOSTROM | Richard B. Bader |
| 1 South Sixth Street | Associate General Counsel |
| Terre Haute, IN 47807-3510 | (D.C. Bar # 911073) |
| 812/232-2434 telephone | |
| 812/234-3685 facsimile | David Kolker |
| *Lead Counsel for Plaintiff* | Assistant General Counsel |
| | (D.C. Bar # 394558) |
| M. Miller Baker, D.C. Bar #444736 | |
| Michael S. Nadel, D.C. Bar #470144 | Harry Summers |
| MCDERMOTT WILL & EMERY LLP | Kevin Deeley |
| 600 Thirteenth Street, NW | Steve N. Hajjar |
| Washington, D.C. 20005-3096 | Attorneys |
| 202/756-8000 telephone | FEDERAL ELECTION COMMISSION |
| 202/756-8087 facsimile | 999 E Street, N.W. |
| *Local Counsel for Plaintiff* | Washington, D.C. 20463 |
| | (202) 694-1650 |

11

FOR THE INTERVENOR-DEFENDANTS:

    /s/  Randolph D. Moss

| | |
|---|---|
| Roger M. Witten (D.C. Bar No. 163261)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY  10022<br>(212) 230-8800 | Seth P. Waxman (D.C. Bar No. 257337)<br>*Counsel of Record*<br>Randolph D. Moss (D.C. Bar No. 417749)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Ave., N.W.<br>Washington, DC  20006<br>(202) 663-6000 |
| Donald J. Simon (D.C. Bar No. 256388)<br>SONOSKY, CHAMBERS, SACHSE,<br>   ENDRESON & PERRY, LLC<br>1425 K Street, N.W.<br>Suite 600<br>Washington, DC  20005<br>(202) 682-0240 | Fred Wertheimer (D.C. Bar No. 154211)<br>DEMOCRACY 21<br>1875 I Street, N.W.<br>Suite 500<br>Washington, DC  20006<br>(202) 429-2008 |
| Trevor Potter<br>J. Gerald Hebert (D.C. Bar No. 447676)<br>Paul S. Ryan<br>CAMPAIGN LEGAL CENTER<br>1640 Rhode Island Avenue, N.W.<br>Suite 650<br>Washington, DC  20036<br>(202) 736-2200 | Daniel R. Ortiz<br>UNIVERSITY OF VIRGINIA SCHOOL OF LAW*<br>580 Massie Road<br>Charlottesville, VA  22903<br>(434)924-3127<br><br>*For identification purposes only |
| Charles G. Curtis, Jr.<br>David Anstaett<br>HELLER EHRMAN WHITE &<br>  MCAULIFEE LLP<br>One East Main Street<br>Suite 201<br>Madison, WI  53703<br>(608)663-7460 | Bradley S. Phillips<br>Grant A. Davis-Denny<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue<br>35th Floor<br>Los Angeles, CA  90071<br>(213)683-9100<br><br>June 15, 2006 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WISCONSIN RIGHT TO LIFE, INC., | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 04-1260 (DBS, RWR, RJL) ) |
| FEDERAL ELECTION COMMISSION, | ) THREE-JUDGE COURT ) ) |
| Defendant, | ) ) |
| and | ) ) |
| SEN. JOHN McCAIN et al., Intervening Defendants | ) ) ) |

SCHEDULING ORDER
(April 17, 2006)

Wisconsin Right to Life, Inc. ("WRTL") seeks a judgment "declaring [the Bipartisan Campaign Reform Act of 2002, § 203, 116 Stat. 91 ("BCRA")] unconstitutional as applied to several broadcast advertisements *that it intended to run during the 2004 election*" and an "injunction barring the FEC from enforcing BCRA against *those* advertisements." *Wisconsin Right to Life, Inc. v. Federal Election Commission*, 126 S. Ct. 1016, 1017 (2006) (emphasis added). The Supreme Court has directed this Court "to consider the merits of WRTL's as-applied challenge in the first instance." *Id.* at 1018. Therefore, the parties are hereby

**ORDERED** to file memoranda by April 31, 2006 addressing the following issues:

1. Precisely what is the live controversy that this Court must adjudicate and why is it live? Particularly, is this Court to:

    a. declare the lawfulness *vel non* of BCRA as applied to the advertisements the

plaintiff intended to air in 2004?

b. consider enjoining defendant from enforcing BCRA against plaintiff for intended 2004 conduct?

2. Does the Supreme Court's remand require this Court to consider plaintiff's requests for a declaratory judgment concerning electioneering communications by WRTL that constitute grass-roots lobbying and an injunction regarding any electioneering communications by WRTL that constitute grass-roots lobbying? If so, what, if not the 2004 advertisements, would decisions on those requests be based?

It is further

**ORDERED** that [#53] Plaintiff's Motion to Reinstate, Order Supplemental Briefing on, and Expedite Cross-Motions for Summary Judgment is hereby **DENIED** and that discovery shall be allowed. With regard to the areas of permissible discovery that are in dispute, until further order, discovery shall be allowed into the purpose and effect of plaintiff's 2004 advertisements for the 2004 campaign (but not into any historical or planned future advocacy by plaintiff), and the burdens BCRA places upon plaintiff's expression, including the limits of PAC fundraising, the effectiveness of using other media, and the option of employing alternative text for the intended advertisements. This Order is not intended to require disclosure of information that is otherwise proprietary.

And it is further

**ORDERED** that the discovery and briefing schedule in this case will proceed as follows:

2

| | |
|---|---|
| April 18, 2006 | The parties may begin taking discovery. |
| May 5, 2006 | Last day to identify expert witnesses. |
| May 19, 2006 | Last day to propound written discovery requests. |
| June 2, 2006 | Last day to produce expert witness reports. |
| June 12, 2006 | Last day to take depositions (expert and non-expert). |
| June 23, 2006 | WRTL's Opening Summary Judgment Brief due (55-page limit). |
| July 14, 2006 | FEC's Opening Summary Judgment/ Opposition Brief due (40-page limit) and Intervenor's Opening Summary Judgment/ Opposition Brief due (40-page limit). |
| August 4, 2006 | WRTL's Summary Judgment Opposition/ Reply Brief due (55-page limit). |
| August 18, 2006 | FEC's Summary Judgment Reply Brief due (20-page limit) and Intervenor's Summary Judgment Reply Brief due (20-page limit). |
| September 1, 2006 | Parties file proposed Findings of Fact. |
| September 18, 2006 | Oral Argument at 2:00 p.m. |

All responses to written discovery requests shall be due fifteen days from service, rather than the thirty days usually permitted by Federal Rules of Civil Procedure 33(b), 34(b), and 36(a). Any and all discovery-related service, including service of correspondence relating to discovery disputes and motions, shall be conducted via electronic means, by hand, or by overnight delivery at the latest.

The provision of Local Rule 30.1, which declares that five days service of a notice of deposition shall constitute "reasonable notice" to a party under Federal Rule of Civil Procedure 30(b)(1), shall apply to all depositions taken in this case irrespective of the fifty-mile territorial limit stated in the Rule.

Counsel are advised that the above page limits and schedule are firm.

**SO ORDERED.**

_____
DAVID B. SENTELLE
United States Circuit Judge

_____
RICHARD W. ROBERTS
United States District Judge

_____
RICHARD J. LEON
United States District Judge

4