UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN CIVIC LEAGUE OF MAINE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL ELECTION COMMISSION, ) <br> ) <br> Defendant, ) <br> ) <br> *and* ) <br> ) <br> SEN. JOHN MCCAIN, *et al.*, ) <br> ) <br> Intervening Defendants ) <br> ) | Civ. No. 06-0614 (JWR, LFO, CKK) <br><br> THREE-JUDGE COURT |

INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW
ON ISSUE OF MOOTNESS IN RESPONSE TO ORDER

In the Order issued June 23, 2006, this Court noted that the portion of this case that involves the "Crossroads" advertisement "appears moot unless the 'capable of repetition yet evading review' exception applies." The Court further noted that this exception "may not apply because the 'Crossroads' portion of the case—particularly in this fact-centered, as-applied challenge—may not be 'capable of repetition.'" Accordingly, the Court ordered, *inter alia*, that the Defendant and Intervenor-Defendants "file papers addressing the mootness of the 'Crossroads' portion of the case." Order at 2.

1

Intervenor-Defendants respectfully submit that the "Crossroads" portion of the case does indeed appear moot. Neither injunctive nor declaratory relief could have any practical effect on the parties, and any decision on the merits would therefore constitute an impermissible advisory opinion. Although the "capable of repetition, yet evading review" exception might in theory apply, Plaintiff bears the burden of establishing the conditions necessary for application of that doctrine. On the record before this Court—in which Plaintiff has represented that it has no intent to air "Crossroads" or a materially similar ad in the future—this dispute does not appear capable of repetition.

I.  **No Relief That This Court Could Issue With Respect To The "Crossroads" Advertisement Would Have Any Effect On The Rights Or Obligations Of The Parties.**

In its complaint, Plaintiff Christian Civic League of Maine ("CCL") sought two forms of relief with respect to the "Crossroads" advertisement. First, Plaintiff requested an injunction barring application of the Bipartisan Campaign Reform Act ("BCRA" or "Act") to prohibit broadcast of "Crossroads" from May 13, 2006, when the ad became an "electioneering communication" under BCRA, until June 5, 2006, the scheduled date of a Senate vote on the federal Marriage Protection Amendment. Second, CCL sought a declaratory judgment holding BCRA unconstitutional as applied to the specific text of that contemplated broadcast advertisement during that time period. Verified Compl., at 13. Because neither injunctive nor declaratory relief would have any effect at this stage of the proceedings, there is no live controversy regarding the application of BCRA to the proposed "Crossroads" advertisement. *See, e.g., Calderon v. Moore*, 518 U.S. 149, 150 (1996) (case must be dismissed as moot when

the court "cannot grant 'any effectual relief whatever'") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

First, the Court cannot grant injunctive relief for the simple reason that there is nothing to enjoin. The Senate vote that "Crossroads" purported to address has already occurred, and the period in which Plaintiff alleges that it intended to broadcast the "Crossroads" advertisement—and for which Plaintiff sought this Court's protection—has passed. A forward-looking injunction logically cannot address historical events. In addition, Plaintiff did not broadcast the "Crossroads" advertisement prior to the June 2006 Maine Senatorial primary election and therefore did not engage in any relevant conduct that could expose it to sanctions under BCRA. For that reason, this Court cannot enjoin Defendant from enforcing BCRA against Plaintiff in connection with the "Crossroads" advertisement.

Second, the Court cannot issue a declaratory judgment regarding the lawfulness *vel non* of the "Crossroads" advertisement under BCRA, because such a ruling would have no practical effect on the rights or obligations of the parties. "A federal court has no 'power to render advisory opinions [or] . . . decide questions that cannot affect the rights of the litigants in the case before them." *Alliance for Democracy v. FEC*, 335 F. Supp. 2d 39, 42 (D.D.C. 2004) (quoting *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)); *Mills*, 159 U.S. at 653 (federal courts may not "give opinions upon moot questions or abstract propositions"). Because the issue of the constitutionality of BCRA as applied to the broadcast of the "Crossroads" advertisement during the time period in question is moot, this Court does not have subject matter jurisdiction to opine on it unless Plaintiff carries its burden of showing that the "capable of repetition, yet evading review" exception applies.

II.     **Plaintiff Has Not Carried Its Burden of Demonstrating That the "Capable of Repetition" Exception to the Mootness Doctrine Applies Here.**

The Plaintiff has not, on the current record, satisfied its burden of establishing that application of the "capable of repetition, yet evading review" may properly be invoked here. "The capable-of-repetition doctrine applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998) (citations, alterations, and internal quotation marks omitted). As the Plaintiff notes, *see* Plaintiff's Response To Court's Show Cause Order, at 2, courts have reasoned that "[c]hallenges to rules governing elections are the archetypal cases for application of this exception." *LaRouche v. Fowler*, 152 F.3d 974, 978 (D.C. Cir. 1998); *see also Branch v. FCC*, 824 F.2d 37, 41 n.2 (D.C. Cir. 1987) ("Controversies that arise in election campaigns are unquestionably among those saved from mootness under the exception for matters 'capable of repetition, yet evading review.'"). That general proposition does not, however, decide this case, the facts of which differ in significant respects from those present in the "archetypal" cases.

The D.C. Circuit has squarely held that in election cases as elsewhere, "[t]he burden is on the [plaintiff] to show that these requirements are met." *Southern Co. Servs., Inc. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005). CCL must therefore establish, at a minimum, that it will be subject to the same FEC enforcement action again because it intends in the future to run "Crossroads," or a materially similar ad, in materially similar circumstances. CCL cannot, however, establish this critical point because it has represented to this Court, in statements that post-date its request to expedite Supreme Court review, that it "presently has no concrete plans to run ads beyond

4

what it began on May 10...." Joint Report, at 8. CCL made statements to the same effect in the scheduling conference held in this Court on June 5, 2006.

CCL now attempts to avoid the consequences of these representations by changing its position and distorting the "capable of repetition" inquiry. CCL contends that although it does not intend to run "Crossroads" or a materially similar ad again, it does anticipate running some undefined, hypothetical "grassroots lobbying" advertisements on other "currently hot social issues that the legislative and executive branch often deal with in periods before elections, including partial birth abortion, permissive abortion, abortion clinic regulations, parental control of their children's education, regulation of sexual predators, legislation normalizing same sex relations, gambling, [or] limiting the government's power to raise taxes." Plaintiff's Br., at 2 n.1. In other words, according to CCL, *this* dispute should be deemed "capable of repetition" because a materially *different* controversy, involving a different advertisement broadcast in a materially different electoral context and purportedly addressing an entirely different issue, might arise in the future. That is not, however, what the doctrine requires. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481 (1990) (dispute is "capable of repetition" only if there is "a reasonable expectation that the same complaining party would be subjected *to the same action* again") (emphasis added) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (per curiam) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975))); *Larouche,* 152 F.3d at 979 (noting that

"[t]here [is] every reason to expect *the same parties* to generate a *similar, future controversy*") (emphasis added) (quotation marks omitted).[1]

Indeed, the cases Plaintiff cites for its novel interpretation simply highlight why the "capable of repetition, yet evading review" exception does not apply here. In *Moore v. Ogilvie*, 394 U.S. 814 (1969), as in *Larouche*, the case was deemed "capable of repetition" where the plaintiff challenged rules that did not depend on the particular context, but would instead apply in exactly the same way in future elections. This case, by contrast, is highly dependent on circumstances that CCL has not alleged will recur. It turns on the specific content of the advertisements at issue and the context surrounding their creation and dissemination—including Plaintiff's intent, the availability and adequacy of non-broadcast media, the perceptions of the target audience, and the circumstances of the campaign. Because CCL does not allege an intent again to air "Crossroads" or a materially similar ad in materially similar circumstances, any future controversy involving CCL therefore would not present a recurrence of *the same* dispute. *Public Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996) ("When

---

[1] Plaintiff elsewhere states, and appears implicitly to assert here as well, that "materially similar, by definition, means that the ads' text, placement and timing would put them in contravention of the electioneering communication prohibition...." Pl. Ripeness Mem. at 6-7. Plaintiff contends, in other words, that any advertisement that it might run in the future would necessarily be "materially similar" to "Crossroads" as long as the ad ran afoul of the "electioneering communication" provisions of BCRA. On Plaintiff's view, therefore, this dispute is "capable of repetition" as long as CCL might test the constitutionality of BCRA again as-applied to some wholly different ad—regardless how little that future as-applied challenge resembles this one. That, however, is plainly not the law; if it were, then "virtually any matter of short duration would be reviewable" despite its mootness. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

resolution of a controversy depends on facts that are unique or unlikely to be repeated, the action is not capable of repetition and hence is moot.").

Thus, although some as-applied election challenges fall within the "capable of repetition, yet evading review" exception, *see Storer v. Brown,* 415 U.S. 724, 737 n.8 (1974), CCL has failed to establish that this is such a case. Were Plaintiff correct that it could keep this action alive simply by asserting some vague intent to run unrelated "grassroots lobbying" ads in the future, it would effectively be permitted to relitigate the facial constitutionality of the Act's "electioneering communication" provision in the guise of an "as-applied" challenge that lacks any concrete facts. Not only has the Supreme Court definitively sustained the Act's facial constitutionality, it has made clear that any applied challenges must be decided on the basis of the specific concrete facts presented. *See Wisconsin Right to Life, Inc. v. FEC,* 126 S.Ct. 1016 (2006) (remanding as-applied challenge to "particular communications").

Invoking the "capable of repetition" doctrine here would be unseemly for another reason: to be blunt, the case has all the indicia of having been trumped up in the first place. As made plain by the record, this litigation apparently began when counsel, through Focus on the Family, contacted CCL, an organization that had neither intent nor funds to engage in any advertising until counsel supplied it with the text of the "Crossroads" ad and offered to represent it in an "appeal to the U.S. Supreme Court (which would result in a landmark ruling.)" Ex B. to FEC Opp'n to Mot. For Prelim. Inj. Plaintiff did not even raise the money to run the ad until after the complaint had been filed. On that rather flimsy foundation—after all agree that the contrived circumstances that were meant to generate a specific controversy have now disappeared, and after Plaintiff has explicitly represented that those circumstances will not recur—Plaintiff seeks

7

to catapult this Court into constitutional adjudication that, as Plaintiff now conceives it, will be untethered to any specific facts at all. The "capable of repetition" doctrine could not possibly have been designed for that purpose.

Again, the Supreme Court has definitively resolved BCRA's constitutionality, and unless CCL can show a reasonable expectation of a future as-applied controversy materially similar to this one, there is neither cause nor justification to permit CCL to relitigate *McConnell* here. Without any reliable indication that this dispute will recur in the same form, any such decision would constitute an impermissible advisory opinion. *Cf. Lewis*, 494 U.S. at 479-80 ("[plaintiff's] challenge to the constitutionality of the Florida statutes' application to an uninsured bank that it has neither applied for nor expressed any intent to apply for amounts to a request for advice as to what the law would be upon a hypothetical state of facts, or with respect to contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citation and quotation marks omitted).[2]

## CONCLUSION

---

[2] If the Court perceives a genuine dispute about CCL's intent to broadcast "Crossroads" or a materially similar ad, it could order discovery targeted to that narrow issue.

81428.1

For the foregoing reasons, Intervening Defendants respectfully submit that this Court should dismiss the "Crossroads" portion of the case with prejudice.

81428.1

Dated this 7th day of July, 2006.

                                    Respectfully submitted,

                                    /s/   *Roger M. Witten*

Roger M. Witten (D.C. Bar No. 163261)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
399 Park Avenue  
New York, NY  10022  
(212) 230-8800

Seth P. Waxman (D.C. Bar No. 257337)  
   *Counsel of Record*  
Randolph D. Moss (D.C. Bar No. 417749)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
2445 M Street, N.W.  
Washington, DC  20037  
(202) 663-6000

Trevor Potter (D.C. Bar No.413778)  
J. Gerald Hebert (D.C. Bar No. 447676)  
Paul S. Ryan  
CAMPAIGN LEGAL CENTER  
1640 Rhode Island Avenue, N.W.  
Suite 650  
Washington, DC  20036  
(202) 736-2200

Daniel R. Ortiz  
UNIVERSITY OF VIRGINIA SCHOOL OF LAW*  
580 Massie Road  
Charlottesville, VA  22903  
(434) 924-3127

* For identification purposes only

Donald J. Simon (D.C. Bar No. 256388)  
SONOSKY, CHAMBERS, SACHSE,  
   ENDRESON & PERRY, LLC  
1425 K Street, N.W.  
Suite 600  
Washington, DC  20005  
(202) 682-0240

Fred Wertheimer (D.C. Bar No. 154211)  
DEMOCRACY 21  
1875 I Street, N.W.  
Suite 500  
Washington, DC  20006  
(202) 429-2008

Charles G. Curtis, Jr.  
David Anstaett  
HELLER EHRMAN WHITE &  
   MCAULIFFE LLP  
One East Main Street  
Suite 201  
Madison, WI  53703  
(608) 663-7460

Bradley S. Phillips  
Grant A. Davis-Denny  
MUNGER, TOLLES & OLSON LLP  
355 South Grand Avenue  
35th Floor  
Los Angeles, CA  90071  
(213) 683-9100

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE OF MAINE, INC.,<br><br>                Plaintiff,<br><br>      v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>                Defendant,<br><br>   and<br><br>SEN. JOHN MCCAIN, *et al.*,<br><br>                Intervening Defendants. | Case No. 06-0614 (JWR, LFO, CKK)<br>THREE-JUDGE COURT |

## CERTIFICATE OF SERVICE

I, Roger M. Witten, a member of the bar of this Court, certify that on July 7, 2006, I caused a true and correct copy of the Intervenor-Defendants' Memorandum of Law on Issue Of Mootness Response to Order on behalf of Intervenor-Defendants by their attorneys to be served electronically on:

*Counsel for Defendant*
David Brett Kolker
FEDERAL ELECTION COMMISSION
Litigation Division
999 E Street, N.W.
Washington, DC 20463-0002
Tel: (202) 694-1650
Email: dkolker@fec.gov

*Counsel for Plaintiff*
James Bopp
BOPP COLESON & BOSTROM
1 South Sixth Street
Terra Haute, IN 47807-3510
Tel: (812) 232-2434
Email: jboppjr@aol.com

                        Respectfully submitted,

                        */s/ Roger M. Witten*

| | |
|---|---|
| Roger M. Witten (D.C. Bar No. 163261) | Seth P. Waxman (D.C. Bar No. 257337) |
| WILMER CUTLER PICKERING | Randolph D. Moss (D.C. Bar No. 417749) |
|   HALE AND DORR LLP | WILMER CUTLER PICKERING |
| 399 Park Avenue |   HALE AND DORR LLP |
| New York, NY  10022 | 1875 Pennsylvania Avenue, N.W. |
| (212) 230-8800 | Washington, DC  20006 |
| | (202) 663-6000 |