UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTIAN CIVIC LEAGUE OF MAINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant, <br><br> *and* <br><br> SEN. JOHN MCCAIN, *et al.*, <br><br> Intervening Defendants | Civ. No. 06-0614 (JWR, LFO, CKK) <br><br> THREE-JUDGE COURT |

**REPLY MEMORANDUM OF INTERVENOR-DEFENDANTS
IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Intervenor Defendants agree, for the reasons stated by the Defendant Federal Election Commission in its reply memorandum, FEC Mem. in Response to Court's June 23 Order at 7-17, that the Plaintiff has not shown that this "as applied" challenge is ripe as to any future hypothetical advertisements that are not before the Court.

The core of Plaintiff's position is that its claim is ripe both as to the "Crossroads" ad and as to any "materially similar" ads it may choose to run in the future. Pl. Ripeness Mem. at 6. Plaintiff says that "materially similar, by definition, means that the ads' text, placement and timing would put them in contravention of the electioneering

81404.1

communication prohibition...." *Id.* at 6-7. In other words, Plaintiff alleges its claim is ripe as to *any* possible future ad to which the statute applies.

So defined, Plaintiff is asserting a *facial* challenge to Title II with regard to all possible ads covered by the statute, not a challenge to the statute "as applied" to a specific ad. The facial challenge it brings, however, has already been resolved by the Supreme Court, which upheld the statute on a facial basis in *McConnell v. FEC*, 540 U.S. 93, 189-211 (2003).

For much the same reason, Plaintiff's claim that a "credible threat of enforcement" makes this case ripe, Pl. Ripeness Mem. at 3-5, is based on a misapplication of that standard. In the context of an "as applied" challenge, the issue is not whether the statute will be enforced in principle if CCL sponsors some hypothetical ad. For that purpose, the Supreme Court has already found the statute to be constitutional on its face. Here, the question is whether CCL faces a threat of enforcement "which is credible and immediate, and not merely abstract or speculative." *Navegar, Inc. v. U.S.*, 103 F.3d 994, 998 (D.C. Cir. 1997). But since Plaintiff has alleged only abstract and speculative claims about what it might (or might not) do at some indefinite point in the future, it fails to satisfy this test.

For the foregoing reasons, and for the reasons stated by the Federal Election Commission, the Court should grant partial judgment on the pleadings with respect to Plaintiff's purely hypothetical claims relating to any advertisement other than the "Crossroads" ad.

Dated this 7th day of July, 2006.

>Respectfully submitted,
>
>/s/ Roger M. Witten

Roger M. Witten (D.C. Bar No. 163261)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
399 Park Avenue  
New York, NY 10022  
(212) 230-8800

Seth P. Waxman (D.C. Bar No. 257337)  
   *Counsel of Record*  
Randolph D. Moss (D.C. Bar No. 417749)  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
2445 M Street, N.W.  
Washington, DC 20037  
(202) 663-6000

Trevor Potter (D.C. Bar No. 413778)  
J. Gerald Hebert (D.C. Bar No. 447676)  
Paul S. Ryan  
CAMPAIGN LEGAL CENTER  
1640 Rhode Island Avenue, N.W.  
Suite 650  
Washington, DC 20036  
(202) 736-2200

Daniel R. Ortiz  
UNIVERSITY OF VIRGINIA SCHOOL OF LAW*  
580 Massie Road  
Charlottesville, VA 22903  
(434) 924-3127

\* For identification purposes only

Donald J. Simon (D.C. Bar No. 256388)  
SONOSKY, CHAMBERS, SACHSE,  
   ENDRESON & PERRY, LLC  
1425 K Street, N.W.  
Suite 600  
Washington, DC 20005  
(202) 682-0240

Fred Wertheimer (D.C. Bar No. 154211)  
DEMOCRACY 21  
1875 I Street, N.W.  
Suite 500  
Washington, DC 20006  
(202) 429-2008

Charles G. Curtis, Jr.  
David Anstaett  
HELLER EHRMAN WHITE &  
   MCAULIFFE LLP  
One East Main Street  
Suite 201  
Madison, WI 53703  
(608) 663-7460

Bradley S. Phillips  
Grant A. Davis-Denny  
MUNGER, TOLLES & OLSON LLP  
355 South Grand Avenue  
35th Floor  
Los Angeles, CA 90071  
(213) 683-9100

81404.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHRISTIAN CIVIC LEAGUE OF MAINE, INC., <br><br>　　　　　　　　　　Plaintiff, <br><br>　　　　v. <br><br>FEDERAL ELECTION COMMISSION, <br><br>　　　　　　　　　　Defendant, <br><br>　　and <br><br>SEN. JOHN MCCAIN, *et al.*, <br><br>　　　　　　　Intervening Defendants. | Case No. 06-0614 (JWR, LFO, CKK) <br> THREE-JUDGE COURT |

## CERTIFICATE OF SERVICE

I, Roger M. Witten, a member of the bar of this Court, certify that on July 7, 2006, I caused a true and correct copy of the Intervenor-Defendants' Reply in Support of Motion for Partial Judgment on the Pleadings on behalf of Intervenor-Defendants by their attorneys to be served electronically on:

*Counsel for Defendant*
David Brett Kolker
FEDERAL ELECTION COMMISSION
Litigation Division
999 E Street, N.W.
Washington, DC 20463-0002
Tel: (202) 694-1650
Email: dkolker@fec.gov

*Counsel for Plaintiff*
James Bopp
BOPP COLESON & BOSTROM
1 South Sixth Street
Terra Haute, IN 47807-3510
Tel: (812) 232-2434
Email: jboppjr@aol.com

                                                        Respectfully submitted,

                                                        */s/ Roger M. Witten*

Roger M. Witten (D.C. Bar No. 163261)      Seth P. Waxman (D.C. Bar No. 257337)
WILMER CUTLER PICKERING                  Randolph D. Moss (D.C. Bar No. 417749)
   HALE AND DORR LLP                        WILMER CUTLER PICKERING
399 Park Avenue                                      HALE AND DORR LLP
New York, NY 10022                          1875 Pennsylvania Avenue, N.W.
(212) 230-8800                                       Washington, DC 20006
                                                      (202) 663-6000